THE PEOPLE *ex rel.* Robert F. Ardery, County Treasurer, Appellee, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed December 15, 1908.*

TAXES—*annual levy and certificate for each year a hard road tax is collected is not necessary.* Where the proposition to levy a hard road tax for a period of years is adopted by vote, as provided in the act of 1883, relating to hard roads, the commissioners of highways may make one levy for the entire period and certify the same to the town clerk, who may, in turn, certify the same to the county clerk; and it is not necessary that new levies and certificates be made annually during the period of years the tax is collected.

APPEAL from the County Court of Boone county; the Hon. WILLIAM C. DEWOLF, Judge, presiding.

R. K. WELSH, for appellant.

P. H. O'DONNELL, State's Attorney, and WILLIAM BIESTER, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal from a judgment and order of sale of the county court of Boone county, rendered against the property of appellant to pay a special tax levied by the town of Flora, in said county, under the provisions of an act entitled "An act to authorize the construction and maintenance of gravel, rock, macadam or other hard roads," approved

June 18, 1883, and in force July 1, 1883.      (Hurd's Stat.
1905, p. 1762.)

It appears from the record that at the annual town
meeting of the township of Flora, held April 4, 1905, pur-
suant to a petition theretofore filed with the town clerk of
said township, the proposition to levy a special tax of thirty
cents on each $100 assessed valuation of all the taxable
property, including railroads, in said township, for the pe-
riod of three years, for the purpose of constructing two
hard roads in said township, was carried; that thereafter,
during the year 1905, and before September 5 of that year,
the commissioners of highways of said township levied a
special tax of thirty cents on the $100 for three years, for
the purpose of constructing said two hard roads, in accord-
ance with said vote, and made a certificate of said tax levy
and filed the same with the town clerk of said township;
that on the fifth of September, 1905, the town clerk of said
township made a certificate of said tax levy and delivered
the same to and it was filed with the county clerk of Boone
county, and the county clerk extended upon the tax books
for the year 1907 the special tax falling due in that year for
the purpose of constructing said two hard roads, at the rate
of thirty cents on the $100 valuation.

The objection made to the portion of said tax extended
upon the tax books for the year 1907 which was overruled
by the court was, that no valid tax levy for that year was
made by the commissioners of highways and certified to the
town clerk of said township or was certified by the town
clerk of the township to the county clerk, it being the con-
tention of appellant that it was the duty of said commis-
sioners of highways to levy a tax of thirty cents on the
$100 valuation and certify the same to the town clerk, and
the town clerk to certify a tax of thirty cents on the $100
valuation for each of said three years for which said tax
was authorized to be levied, and that the entire tax voted
for the three years could not be made at one time and in-

cluded in one certificate; while it was the contention of the appellee that the commissioners of highways had the power to make one tax levy of thirty cents on the $100 valuation for three years and to certify the same to the town clerk, and the town clerk had the power to certify a tax levy of thirty cents on the $100 valuation for three years to the county clerk, in accordance with the levy and certificate of the commissioners of highways,—in other words, that a separate tax levy and certificate for each of said three years were unnecessary, but that the entire tax for the three years could rightfully be included in one tax levy and one certificate.

Section 1 of said act provides that upon the petition of fifty land owners (who are legal voters) of any township to the town clerk thereof, in counties under township organization, the town clerk, when giving notice of the time and place for holding the next annual town meeting, shall also give notice that a vote will be taken at said election for or against the proposition of levying a tax not to exceed one dollar on each $100 assessed valuation of all the taxable property, including railroads, in the township, for the purpose of constructing and maintaining gravel, rock, macadam or other hard roads, which petition shall state the location and route of the proposed road or roads, not exceeding two, and shall also state the rate per cent, not exceeding one dollar on each $100, and the number of years, not exceeding five, for which said tax shall be levied. Section 2 provides the form of ballot to be used at said election, and section 3 reads as follows: "If a majority of all the ballots cast at said election shall be in favor of said special tax, then it shall be the duty of the commissioners of highways of the township or road district to levy a tax in accordance with said vote, and certify the same to the town clerk in counties under township organization, or to the district clerk in counties not under township organization, as the case may be, who shall certify the amount voted to the

county clerk, who shall cause the same to be extended on the tax books for the current year: *Provided,* that the length of time for which the special tax levy shall continue shall not exceed five years, and also the road or roads to be improved must be designated in the petition. The commissioners may also receive donations in money, labor, materials or other valuable things, to aid in the construction of said road."

It will be observed that said section 3 provides, if there be a majority of all the votes cast at said election in favor of the tax that then it shall be the duty of the commissioners of highways of the township "to levy a tax in accordance with said vote, and certify the same to the town clerk, * * * who shall certify the amount voted to the county clerk." It seems, therefore, clear, that the tax to be levied by the commissioners of highways and certified to the town clerk, and by the town clerk certified to the county clerk, is the amount of the tax voted, which in this case was a tax of thirty cents on the $100 valuation, for the period of three years. There is no provision in the statute requiring the commissioners of highways to make a tax levy in each year for the number of years for which a tax is authorized, or that a tax certificate shall be made by the commissioners of highways for each year during which a tax is authorized to be levied, to the town clerk, or the town clerk to make a separate certificate for each year to the county clerk of the county in which the tax is levied. We think it apparent, therefore, that the legislature contemplated that one tax levy for the entire tax voted should be made and certified by the commissioners of highways to the town clerk, and that one certificate be made of such tax by the town clerk for the entire tax levy, and that annual levies and certificates are not contemplated by the statute.

Much stress in the argument of appellant is laid upon the words found in section 3 of the statute, to the effect that the county clerk shall cause said tax to be "extended

on the tax books for the current year." True, the tax levy and the certificate of the levy which are required to be made by the commissioners of highways, and the certificate required to be made by the town clerk, are the basis upon which the extension of the tax by the county clerk is to be made. The tax books, however, which the law requires the county clerk to make, are made annually, and necessarily the tax for each year provided by the vote of the township would have to be extended upon the tax books for the current year,—that is, the year in which the amount of the tax for each year would fall due. No reason appears, however, why the tax levy, or the certificate of the commissioners of highways, or of the town clerk, should cover only the taxes which fall due in one year. The statute providing for the levy of the tax should have a reasonable construction, and we can discover no reason why, the tax levy of thirty cents on the $100 valuation having been voted by said township to be raised in each year for three years for the construction of two hard roads, the tax should not be levied by the commissioners of highways immediately after the tax had been declared carried for the three years and certified by the commissioners of highways to the town clerk and in turn by him to the county clerk, and thereafter the portion of the tax which is due in each year extended by the county clerk upon the tax books for the year in which the tax falls due, rather than to require the officers of the township to go through the form of making a separate tax levy for each year during the time the tax is to run, which would seem to require of the township officers the doing of a useless and unnecessary thing, which the law will never be presumed to require.

We therefore conclude that the county court did not err in overruling the objections filed to the rendition of judgment by the appellant for the tax due in 1907.

The judgment of the county court will be affirmed.

*Judgment affirmed.*