THE PEOPLE *ex rel.* George A. James, County Collector, Appellee, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed June 16, 1909.*

TAXES—*a library tax may be certified annually by town clerk.* Under section 10 of the Libraries act, (Hurd's Stat. 1908, p. 1348,) when the electors at the annual town meeting levy, by vote, a library tax of not to exceed two mills per annum, the town clerk is authorized to thereafter certify such tax annually to county clerk for extension and collection without further action by the electors.

CARTER, J., dissenting.

APPEAL from the County Court of Kane county; the Hon. FRANK G. PLAIN, Judge, presiding.

BOTSFORD, WAYNE & BOTSFORD, (J. M. DICKINSON, of counsel,) for appellant.

WILLIAM J. TYERS, State's Attorney, (E. B. QUACKENBUSH, and H. G. HEMPSTEAD, of counsel,) for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an appeal by the Illinois Central Railroad Company from a judgment of the county court of Kane county, rendered against it for certain alleged delinquent taxes, amounting to $74.34, extended for the town of St. Charles, in that county, and designated as a library tax.

At the annual town election in the town of St. Charles, held in April, 1905, upon a petition properly filed, the proposition "For a two mill tax for a free public library" received a majority of the votes cast. Since then no levy cf

taxes has been voted by the electors at the annual town meeting for the library, but each year the town clerk of the town of St. Charles has certified to the county clerk that the amount of two mills on the dollar was required as a tax for library purposes, as appeared from the record entries of moneys voted to be raised at the town election held in April, 1905, and upon such a certificate the taxes here in question, for the year 1907, were extended against appellant's property.

The parties to the suit are agreed upon the facts. The determination of the only question presented requires a construction of section 10 of chapter 81, Hurd's Revised Statutes of 1908, which, so far as material, is as follows:

"Sec. 10. When fifty legal voters of any incorporated town, village or township shall present a petition to the clerk of the town, village or township (or trustee of schools in counties not under township organization) asking that an annual tax may be levied for the establishment and maintenance of a free public library in such town or township, and shall specify in their petition a rate of taxation not to exceed two mills on the dollar, such clerk (or trustee of schools in counties not under township organization) shall, in the next legal notice of the regular annual election, in such town, village or township, or of a special election, called for that purpose, give notice that at such election every elector may vote 'For a ...... mill tax for a free public library' or 'Against a ...... mill tax for a free public library,' specifying in such notice the rate of taxation mentioned in said petition; and if the majority of all the votes cast in such town, village or township shall be 'For' the tax for the free public library, the tax specified in such notice shall be levied and collected in like manner with other general taxes of said town, village or township, and shall be known as the 'Library fund:' *Provided*, that such tax shall cease in case the legal voters of any such town, village or township shall so determine by a majority vote, at

any annual election held therein; and the corporate authorities of such towns or villages may exercise the same powers conferred upon the corporate authorities of cities under this act."

The position of appellant is, that, to make the library tax legal, the electors, at the annual town meeting in 1907, should have voted for levying the tax, and that the town clerk should then have certified the same to the county clerk, together with the other taxes levied, and that the tax is illegal by reason of the lack of any such action on the part of the electors at the annual town meeting; while appellee contends that the tax was imposed by the vote at the town election in 1905, and that no action whatever of the town electors was thereafter necessary.

We think that the meaning of section 10, above quoted, is, that when the electors, by vote, levy a library tax not to exceed two mills per annum, the town clerk is authorized to certify annually thereafter such rate to the county clerk for extension and collection without further action on the part of the voters. This construction will promote the object sought to be accomplished by section 10 of the statutes and is in harmony with the proviso, which seems to imply that once established the library tax will continue until the legal voters of the town, village or township shall determine otherwise at some subsequent annual election. This view finds support in the late case of *People* v. *Illinois Central Railroad Co.* 237 Ill. 154, where it was held that the commissioners of highways might make one levy for a series of years for the purpose of building and maintaining hard roads, where the proposition to levy such tax had been adopted by vote as provided in the act of 1883, relating to hard roads.

The judgment of the county court overruling appellant's objections will be affirmed.          *Judgment affirmed.*

Mr. JUSTICE CARTER, dissenting.