THE PEOPLE *ex rel.* James E. Owen, County Collector, Appellant, *vs.* THE CINCINNATI, LAFAYETTE AND CHICAGO RAILWAY COMPANY, Appellee.

*Opinion filed December 21, 1910.*

1. TAXES—*the hard roads tax is properly extended on the one-third instead of one-fifth valuation.* A hard roads tax levy of one dollar on the $100 assessed valuation for a period of five years is, when properly certified, a valid tax levy for five years, and the change by the legislature from one-fifth to one-third of the actual value of property as a basis for the extension of taxes did not reduce the hard roads tax and the same is properly extended on the one-third valuation. (*People* v. *Cairo, Vincennes and Chicago Railway Co.* [*ante,* p. 327,] followed.)

2. SAME—*section 4a of Hard Roads act construed.* Section 4a of the Hard Roads act, added in 1909, authorizing a town, by vote of the people, to borrow money to build hard roads and issue bonds, was intended by the legislature to provide a method of raising funds for hard roads in addition to the method of taxation provided for in the preceding sections, so that a town may vote a tax of one dollar on the $100 valuation and also vote to issue bonds and levy a tax, up to one dollar on the $100 valuation, to pay the principal and interest of such bonds.

3. SAME—*tax to pay hard roads bonds need not be limited to maturing bonds and interest on all.* The tax which may be levied

in one year by a town to pay interest and principal of bonds issued for money borrowed for building hard roads cannot exceed one dollar on the $100 assessed value, but the tax need not be limited to an amount which will only pay the interest upon all the bonds and the principal of the maturing bonds.

APPEAL from the County Court of Iroquois county; the Hon. JOHN H. GILLAN, Judge, presiding.

JOHN P. PALLISSARD, State's Attorney, (O. F. MORGAN, of counsel,) for appellant.

FREE P. MORRIS, and EUGENE P. MORRIS, (L. J. HACKNEY, and C. N. SAUM, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal from a judgment of the county court of Iroquois county sustaining objections to a part of a tax levied in Sheldon township, in said county, under the provisions of "An act to authorize the construction and maintenance of gravel, rock, macadam or other hard roads," commonly called the Hard Roads act. (Hurd's Stat. 1909, p. 1955.)

It appears from the record that at the annual town meeting in Sheldon township in the year 1909 a vote was taken and was carried upon the proposition to levy a tax of one dollar on the $100 assessed valuation in said town, for a period of five years, for the construction of two hard roads in said town, and that the certificates required by section 3 of said act to be made by the commissioners of highways and the town clerk of said town were made, and that the county clerk extended a tax in said township upon a valuation of $47,285 of one dollar on the $100, which made a total tax levied against the property of the appellee for the year 1909 for hard roads of $472.85. Appellee paid $283.71 and filed objections to the balance of the tax, which were sustained as to $141.85 of the tax and

overruled as to $47.29 thereof, which latter amount has been paid. It also appears that on May 8, 1909, at a special election held for the purpose in the township of Sheldon, a vote was taken under section 4*a* of said act, and the proposition carried to issue bonds in the sum of $32,700 for the purpose of constructing hard roads in said town, and that on the 11th day of August, 1909, pursuant to said election, $32,400 in bonds were issued, and that the commissioners of highways have received the proceeds of the said bonds.

The position of the appellee is, first, that since the vote authorizing the levy of a tax of one dollar on the $100 was taken, the law in regard to the valuation of property for taxation has been changed by the legislature from one-fifth of the actual value to one-third of the actual value thereof, and that no more tax can be extended since the change in the law, by virtue of said vote, than could have been extended before had the law not been changed, and that it is entitled to have the tax extended against its property on the basis of sixty cents on the $100 instead of one dollar on the $100; and secondly, that when the bonds were issued under section 4*a* of said act they took the place of the original tax levy of one dollar on the $100, and that the only amount of tax which could lawfully be levied against its property was an amount which would pay the interest on said bonds and principal of said bonds as they mature.

We do not agree with either of such contentions. The tax levy of one dollar on the $100 was made according to the provisions of the statute, and when properly certified it became a valid tax levy for five years. (*People* v. *Illinois Central Railroad Co.* 237 Ill. 154.) At the time the legislature changed the valuation of property for taxation from one-fifth to one-third of its actual value it made no change in the statute under which this tax was levied, and while, subsequently, in many instances it changed the rate at which taxes might be levied so that the total tax that might be

collected would be no greater than before, no change in that particular was made in the Hard Roads act, although that statute was also amended by the same legislature. We are of the opinion the change by the legislature from one-fifth to one-third of the actual value of property as a basis for the extension of taxes did not reduce the tax in this case which might be levied against the appellee's property. *People* v. *Cairo, Vincennes and Chicago Railway Co.* (*ante*, p. 327.)

It is provided by section 4*a* of the Hard Roads act that in .those townships or districts where a special tax for the construction of hard roads has been voted, "if the commissioners desire to expend on hard roads in their town (or district) a greater sum than is available to them from other sources," upon the petition of the commissioners and the requisite number of freeholders the proposition of borrowing money to expend on hard roads in the town may be submitted to a vote of the people, and if it shall appear that a majority of the legal voters voting at the election shall vote for the proposition, the supervisor and town clerk, acting under the direction of the commissioners of highways of the town, shall issue from time to time, as the work progresses, a sufficient amount, in the aggregate, of the bonds of said town or district. for the purpose of building and maintaining gravel, rock, macadam or other hard roads, etc.; that said bonds shall be issued in not more than ten annual series, the first series of which shall mature not more than five years from the date thereof and each succeeding series in succeeding years thereafter; and that the amount, including the principal and interest, to be voted upon shall not exceed the amount which can be raised during a period of five years by a levy of one dollar on each $100 of taxable property in said township or district as computed on the value of such property as taken for assessment purposes in such town or district, and that such town or district shall provide for the payment of such

247 — 29

bonds, and the interest thereon, by appropriate taxation. Section 4a was incorporated into the Hard Roads act in the year 1909, and was clearly intended by the legislature to provide funds with which to construct hard roads in addition to the tax mentioned in the preceding sections of the act. We therefore have two funds which may be used for constructing hard roads, the one from a special tax levied under the first four sections of the act and the other under section 4a of the act. Each of these funds is limited to one dollar on each $100 of taxable property of the town or district, and neither fund can be raised without a vote of the people. In the case at bar the town voted to levy a special tax and subsequently to issue bonds. The two methods of raising funds are different and the proceedings by which the funds are raised are not brought about by the same parties, and we are of the opinion that the issuing of bonds under section 4a of the act does not annul the proceedings under which a tax had theretofore been levied under sections 1, 2, 3 and 4 of the act. In no event can more than two dollars on the $100 on the assessable property of the town in one year be raised. No constitutional inhibition is infringed in this case, and as the legislative intent is reasonably clear, we see no reason for limiting the tax to an amount that will only pay the interest on all the bonds and the maturing bonds in any one year. In other words, we are of the opinion that the one dollar on the $100 levied at the annual town meeting in 1909 can be lawfully collected, and that a tax of a sufficient amount, provided it does not· exceed the amount of one dollar on the $100 for five years, may be levied to pay the interest on said bonds and the maturing bonds.

For the reasons suggested the judgment of the county court will be reversed and the cause will be remanded to that court, with directions to enter judgment against the appellee for $141.85 and costs.

*Reversed and remanded, with costs.*