THE PEOPLE *ex rel.* William A. Milburn, County Collector, Appellee, *vs.* THE CAIRO, VINCENNES AND CHICAGO RAILWAY COMPANY, Appellant.

*Opinion filed December 21, 1911.*

1. TAXES—*total tax levied under section 1 of Hard Roads act cannot exceed one dollar on each $100.* The total tax to be levied under section 1 of the Hard Roads act, as amended in 1909, (Laws of 1909, p. 328,) cannot exceed one dollar on each $100 assessed valuation, and this limitation cannot be avoided by holding more than one election and authorizing the improvement of different roads at different elections.

2. SAME—*hard road tax and hard road bond tax are separate taxes.* The hard road tax authorized by section 1 of the Hard Roads act, as amended in 1909, and the tax authorized by section 4a of the same act to pay bonds issued for money borrowed to build hard roads, are separate taxes though the limitation on each tax is the same; but the fact that a tax to pay bonds might have been levied does not justify exceeding the limit fixed for the hard road tax.

APPEAL from the County Court of Wabash county; the Hon. JOHN A. LOPP, Judge, presiding.

George P. Ramsey, (L. J. Hackney, of counsel,) for appellant.

H. M. Phipps, State's Attorney, for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

An election was held in road district No. 3 in Wabash county on March 2, 1909, to vote on a proposition for macadamizing roads numbered 1 and 2, which resulted in favor of the proposition and authorized a tax of fifty-five cents on each $100 assessed valuation of taxable property in the district for the next five years, to be expended on said roads for the specified purpose. The clerk of the district filed with the county clerk on September 15, 1909, a certificate for the levying of the tax. On March 1, 1910, another election was held in the same district to vote on the question of constructing and maintaining gravel, rock, macadam or other hard roads on three other roads of the district, numbered 3, 4 and 5, and that election resulted in favor of the proposition and for levying a tax of fifty-five cents on each $100 of taxable property for five years, beginning with the year 1910. The clerk of the district filed with the county clerk another·certificate on September 14, 1910, for the tax voted at the last election. The county collector in 1910 extended a hard road tax at the rate of $1.10 on each $100 assessed valuation of the property of appellant. The tax was paid except the excess of ten cents over one dollar on each $100 of taxable property, and on the application of the county collector for judgment and order of sale for such excess the appellant objected. The court overruled the objection and rendered judgment, from which this appeal was taken.

The act authorizing the construction and maintenance of gravel, rock, macadam or other hard roads, as amended in 1909, (Laws of 1909, p. 327,) authorizes by section 1

the levying of a tax not exceeding one dollar on each $100 assessed valuation of all the taxable property in any township in counties under township organization, or road districts in counties not under township organization, in pursuance of any election held as provided in the act. The total tax that can be levied under that section cannot exceed the rate so specified. (*People* v. *Cincinnati, Lafayette and Chicago Railway Co.* 247 Ill. 446.) The limitation cannot be disregarded or avoided by holding more than one election and authorizing the improvement of different roads at different elections.

Section 4*a* of the same act authorizes an election to determine whether the town or road district will borrow money if the commissioners desire to expend on hard roads a greater sum than is available to them from other sources, and counsel for appellee says that for aught that appears part of this tax may be for the payment of bonds. The certificate under which the tax was levied, and the tax itself, which is a single hard road tax, show the contrary. At the last election two propositions were submitted to the voters concerning borrowing the amounts stated in the propositions to construct and maintain gravel, rock, macadam or other hard roads on the same roads for which the tax had been voted, and there was a majority in favor of each proposition. That was long after the first certificate was made, which required a levy of the tax for the whole five years; (*People* v. *Illinois Central Railroad Co.* 237 Ill. 154;) and while it is true that there may be a tax to pay bonds and that the limitation on each tax is one dollar on each $100 of assessed valuation of taxable property, (*People* v. *Cincinnati, Lafayette and Chicago Railway Co. supra,*) it does not appear that any bonds were ever issued. The hard road tax and the bond tax are separate taxes, and no tax was levied to pay bonds.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*