Appellant seeks review of a judgment of the county court of Putnam county overruling its objections to the county tax and entering a judgment against it. Appellant's county tax amounted to $1028.70. This tax, together with other taxes not objected to, was paid in full under the usual form of protest.
From the record it appears that the board of supervisors of that county at an adjourned September meeting held on December 11, 1936, adopted its annual appropriation and levy ordinances for the fiscal year, from December 1, 1936, to December 1, 1937. The appropriation ordinance contained twenty-three items with amounts appropriated for such purposes set opposite, resulting in a total of $22,525. *Page 193 
On the same day a levy ordinance was adopted, which, so far as applicable to county taxes, is as follows: "Levies upon all taxable property in the county of Putnam, direct annual tax for the year 1936 as follows: The sum of nineteen cents on each one hundred ($100) assessed valuation, to-wit: The sum of nineteen cents on each one hundred ($100) assessed valuation for county purposes, the sum of eleven cents on each one hundred ($100) assessed valuation for county highway; and three cents on each one hundred ($100) assessed valuation for mothers' pension; making a total of thirty-three cents on each one hundred ($100) of valuation, to-wit: the sum of $15,000 for the purpose of paying the several items in said tax levy specified and hereinabove set out; and be it further resolved and ordered that the county clerk of Putnam county in the State of Illinois be and is hereby directed to extend the tax aforesaid."
Appellant's objections were in writing and, as applied to the county tax, were in the following language:
"Objector specifies in writing the following particular causes of objection to such judgment and sale in connection with said different items of taxes, as follows:
 A — COUNTY TAX — COUNTY OF PUTNAM
"1. Board of supervisors of Putnam county at annual September meeting, on December 11, 1936, by resolution, levied and assessed taxes upon all taxable property in Putnam county, including property of objector, and, pursuant to such resolution, county clerk spread and extended taxes by virtue of authority contained in said resolution and by virtue of no other authority whatsoever for purposes and at rate as contained in said resolution, which was and is as follows:" (The objections then set out the resolution hereinbefore quoted.)
"2. Said entire county tax with the exception of sum of three cents on each one hundred ($100) assessed valuation for mothers' pension, is excessive, illegal, invalid and void for the reason that said levy is by rate only and therefore *Page 194 
insufficient and not in accordance with the statute providing for appropriation and levy ordinances for the levy of taxes for county purposes." (The third paragraph of the objections sets out the equalized value of the objector's property in Putnam county and the tax extended against it.)
"4. No proper, adequate, sufficient or legal resolution or ordinance was ever passed by the board of supervisors levying any tax upon any taxable property in said county for the year 1936 or authorizing or justifying the levying or spreading, by the county clerk or anyone else, of any tax whatsoever against any property of any character in said Putnam county for the year 1936."
Application for judgment for delinquent taxes was presented to the county court on September 27, 1937, and the proceedings continued until Friday, October 1, 1937. On September 30, three of the four members of the board of supervisors met at the court house and adopted a resolution reciting that certain errors and informalities in making the tax levy for 1936 had been made by certain officers, not affecting the substantial justice of the tax itself, that an amendment to the said tax levy ordinance should be made to correct such errors, and that the board of supervisors "hereby amend the aforesaid tax levy so that the said tax levy and the appropriation ordinance read as follows:" The resolution thereupon contained an itemization of a tax of $15,000 to the various purposes for which the county tax was to be expended.
Appellant argues that this meeting of September 30 was invalid as the call was issued on the afternoon of that day, and called for a meeting at 4:00 o'clock on the same day; that publication of the call was given to a weekly newspaper, in a neighboring village in the county, which was published sometime that afternoon, and that written notice to the fourth member of the board, who was absent because of illness, was mailed to him between 4:00 and 5:00 o'clock that evening. *Page 195 
The first question for consideration is whether the levy made by the board of supervisors on December 11, 1936, was invalid because levied by rate, only. It is conceded by counsel for the People that if the levy was made by rate, only, it is a void levy, but it is argued that such was not the case. We are of the opinion, from a perusal of the levy ordinance hereinabove set out, that it is not to be construed as a levy by rate, only, but is limited to a gross sum of $15,000, which the ordinance declares to be for the purposes set out in the levy. Such purposes, as the levy ordinance shows, are county purposes, county highway and mothers' pension. The enumeration of rates must be held of no effect except that they prove to be within the gross sum of $15,000. The effect of the levy ordinance was to make a gross sum levy for those three general purposes. While the ordinance was inadequately drawn and was not clear in its provisions, it cannot be said to amount to a levy by rate, only, and, whatever frailties of a different character may be found in it, this objection of appellant cannot be sustained.
It is argued in the briefs that the purported meeting of the board of supervisors on September 30, 1937, could not cure the defect in the levy pertaining to itemization required by section 121 of the Revenue act, for the reason that no valid meeting of the county board took place. Counsel for the People say that no objection charging want of itemization was made and such objection cannot be claimed here. A reading of the objections filed by the appellant as hereinabove set out, shows that the objection, above discussed, as to levy by rate, only, was clearly set out. Section 191 of the Revenue act requires that objections to judgment for taxes shall be in writing, specifying the particular cause of objection. In People v. Huey, 277 Ill. 561, the property owner's objections were that the taxes were extended illegally and not as provided by law, and that the proceedings for the levy of the taxes by the several taxing bodies *Page 196 
of Cook county had not been taken according to law. Evidence was offered by the objector in support of such objections. This court there held that no evidence was admissible under any of the objections as they did not comply with the statute requiring the objector to specify, in writing, the particular cause of objection. To the same effect is People v. Chicago, Burlingtonand Quincy Railroad Co. 281 Ill. 500, where it was held that the purpose of the statute is that objection be made in such words as to show clearly the point upon which such objection is based. This court there said: "The purpose of this rule is to require the objection to be so specific and definite that the opposing counsel, as well as the trial court, may ascertain the real objection to the tax without argument or explanation."
Applying that rule to these objections, it is clear that the only objection specified with the clarity required by the statute was the one claiming the levy to be void because levied by rate, only. Other statements in the objection were but general allegations that the law had not been complied with and that no valid tax levy ordinance had been adopted. Under the rule announced in the Huey case and the Chicago, Burlington and QuincyRailroad Co. case, appellant's objections did not include want of necessary separation of amounts levied into the purposes for which the levy was made. This being true, counsel's argument concerning the validity of the supposed meeting of the board of supervisors on September 30 for the purpose of itemizing the $15,000 gross levy, is not in support of any objection filed and may not be urged against the application of the county collector for judgment. As the levy ordinance adopted on December 11, 1936, is not open to the objection offered, it is unnecessary to consider the validity of the attempted special meeting of the board of supervisors.
The county court did not err in overruling the appellant's objections, and its judgment is affirmed.
Judgment affirmed. *Page 197