This is an appeal from a judgment of the county court of Lawrence county overruling the objections of appellant *Page 394 
to the library taxes for the town of Lawrence, extended for the year 1939.
The facts are stipulated and are not in dispute. At a special election held on April 14, 1936, a majority of the voters of the township authorized a tax of 1.2 mills on each one dollar assessed valuation of property for maintenance of a free public library for the township. No action was taken by the electors at the annual town meeting in the year 1939 in connection with the levying of library taxes.
The sole questions involved are: First, was the action of the voters at the election authorizing the tax sufficient to warrant the levy and extension of the taxes, annually, without further action at the annual town meeting in each year? Second, can the taxes be lawfully levied by rate or must the levy be by amount?
For the year 1939 the library taxes were extended by the county clerk at the rate of twelve cents on each one hundred dollars assessed valuation on all the taxable property in the township. On April 24, 1936, the town clerk filed with the county clerk a certificate of the result of said election. On August 28, 1939, the town clerk filed a duplicate of that certificate in the office of the county clerk.
It is contended by appellee that the case of People v. IllinoisCentral Railroad Co. 240 Ill. 426, is decisive of the first question here involved. The decision in that case was based on section 10 of the act relating to libraries (Ill. Rev. Stat. 1939, chap. 81, par. 10) as amended in 1905. As that section then read, it provided that if a majority of the votes cast were in favor of the tax, "the tax specified in such notice [of election] shall be levied and collected in like manner with other general taxes of said town, village, or township * * * and the corporate authorities of such towns or villages may exercise the same powers conferred upon the corporate authorities of cities *Page 395 
under this act." (Laws of 1905, p. 308.) In 1921, the language above quoted was amended by inserting the word "townships" immediately following the word "villages" as above quoted. That part of the section then read as follows: "And the corporate authorities of such towns, villages, or townships may exercise the same powers conferred upon the corporate authorities of cities under this act." (Laws of 1921, p. 506.) At the 1931 session of the General Assembly the section was amended in several particulars. The corresponding provisions in the 1931 amendment made no changes in the language above quoted, except the words added by the 1921 amendment, but added thereto, as a part of the same sentence, the words "and may levy the same tax as is provided in this act." This amendment was made twenty-two years after the decision in People v. Illinois Central RailroadCo. supra. Prior to that amendment the statute made no provision for levying the tax except that it should be voted on at a township election upon due notice. The legislature had the power to determine by whom, and in what manner, town taxes should be levied and collected. Clearly, a library tax is a town tax.People v. Baltimore and Ohio Southwestern Railroad Co. 370 Ill. 128.
When the decision in the case of People v. Illinois CentralRailroad Co. supra, was made, the only provision of section 10 referring to the manner in which the tax should be levied was the provision that a majority of the voters at the "annual election" in such town should vote in favor of the tax by rate, which rate was required to be specified in the notice of the election. It then provided further that upon such vote being cast the tax so authorized "shall be levied and collected in like manner with other general taxes" of a town.
We think the decision in People v. Illinois Central RailroadCo., supra, was correct in holding that the vote in the election, as the statute then read, constituted the levy *Page 396 
of the tax voted without any further act by the township. Under that decision, the phrase last above quoted should be read as though the word "levied" was followed by a comma, and that the words "in like manner with other general taxes" refer only to the collection and not to the levy of the tax.
The language added by the 1931 amendment conferred specific power upon the corporate authorities of the township to levy this specific tax. By the provisions of other statutes, the corporate authorities of a township having power to levy taxes, are the electors in attendance at the annual town meeting. (Ill. Rev. Stat. 1939, chap. 139, par. 39.) The annual town meeting there referred to is the business meeting, as distinguished from the annual town election at which township officers are elected by ballot.
Section 10 of the Library act, as it existed at the time of the decision in the case of People v. Illinois Central Railroad Co.supra, took from the electors at the annual town meeting all power to levy the tax in said section authorized. It expressly provided that the levy could only be made by a majority vote at the annual town election, or at a special election, called for that purpose, in favor of the tax. The electors at the annual town meeting were given no power, or duties, in connection with the levying of such tax. This power was conferred solely upon the electors voting in the election by ballot, and not upon those electors who attended the annual town business meeting where the proceedings are conducted by a moderator and by viva voce vote.
Prior to the 1931 amendment, it was necessary that library taxes for either villages or incorporated towns be levied by the corporate authorities of such villages or towns. When such tax had been once authorized by a vote on the question, then such corporate authorities were authorized to levy the tax in accordance with the powers conferred upon them by other statutes. It will be noted that this power of the corporate authorities of cities conferred upon *Page 397 
the corporate authorities of towns and villages by section 10, as it existed at the time of the decision in the above case, was only conferred upon the corporate authorities of "towns or villages." Townships were not included as the object of such powers there conferred until the act of 1921. (Laws of 1921, p. 506.) Townships were included in the same connection in each subsequent amendment. Then, by the 1931 amendment, after designating the powers conferred upon the corporate authorities of such towns, villages and townships, in the same language theretofore used, the following words were added "and may levy the same tax as is provided in this act." Thus, the power to levy the tax was there conferred upon the corporate authorities of the township for the first time. Prior to that time, section 10, as construed by this court in the above case, conferred the power to levy the tax upon the voters voting in the election at which the proposition to levy the tax was submitted. By the 1931 amendment, the requirement that the tax should be first authorized by a majority of the electors at a township election upon due notice was continued as a part of the act. The amendment then conferred upon the corporate authorities of the township the power to levy the tax. We have seen that the electors attending the annual town meeting constitute the corporate authorities of the township. (Ill. Rev. Stat. 1939, chap. 139, par. 39.) By lodging the power to levy the tax, annually, with the electors at the annual town meeting, a more efficient and orderly method of raising money for the support and maintenance of a township library was adopted. The electors at such meeting are in a better position to determine the amount of money required for such purposes for the current year than the voters of the township who voted on the question at an election which may have been held years before and usually before the library was actually established, and when there was no available experience upon which to base an estimate of the amount necessary. *Page 398 
To construe this statute as requiring an annual levy of the tax to be made at the annual town meeting is more in keeping with the policy of our laws that no taxing body should be permitted to accumulate unnecessary surpluses from taxes collected, but should confine their levies to the amounts actually needed to be determined annually.
It is our conclusion that section 10 of the Library act, when properly construed, requires that there shall first be a majority vote of the voters of the township at an annual or special election, in order to authorize the tax. After the tax is so authorized, then it is the duty of the electors at the annual town meeting to determine, annually, the amount needed for the current year and to levy the same by amount, and not by rate, in the same manner that taxes for other town purposes are levied.
The judgment of the county court is reversed and the cause remanded, with directions to sustain the objections.
Reversed and remanded, with directions.