(No. 25937.—

THE PEOPLE *ex rel.* Cloyd D. Fisher, County Collector, Appellee, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed June 13, 1941.*

ROBERT P. SHONKWILER, CHARLES A. HELSELL, and R. C. BECKETT, for appellant.

CARL I. GLASGOW, State's Attorney, for appellee.

Per CURIAM: The Illinois Central Railroad Company appeals from the judgment of the county court of Piatt county, which overruled objections to certain taxes levied for the year 1937 and entered judgment against it for the unpaid amounts of the taxes, together with penalties and costs.

The first items objected to are the library taxes for the towns of Willow Branch and Goose Creek. Appellants complain that the taxes are levied by rate instead of amount. Purporting to conform to the applicable provisions of the act relating to public libraries, (Ill. Rev. Stat. 1937, chap. 81, par. 10,) the town clerks of Willow Branch and Goose Creek filed certificates of levy in 1937 with the county clerk of Piatt county requiring the extension of a tax for library purposes. The Willow Branch town clerk certified that at a regular town election held on April 6, 1920, a majority of the voters of the town voted in favor of the tax for a free public library; a favorable vote taken in 1911 on the same proposition, was certified to by the town clerk of Goose Creek. At the time these elections were held the statute provided that the library tax should be levied and collected in like manner with other general taxes of the town. It was further provided that the corporate authorities of such towns could exercise the same powers conferred upon corporate authorities of cities under the act. We interpreted the act, as it then read, to mean that the vote constituted the levy and that it was unnecessary for the electors of the town to perform any further duties. *People* v. *Illinois Central Railroad Co.* 240 Ill. 426.

In 1929, the legislature added the phrase "and may levy the same taxes provided in the act," so that the statute

then read, "and the corporate authorities of such towns, villages or townships may exercise the same powers conferred upon the corporate authorities of cities under this act, and may levy the same tax as is provided in this act." This court has construed this amendment in the recent case of *People* v. *Baltimore and Ohio Railroad Co. ante* p. 393, and the rule announced in that case is controlling here. We there held that after the tax is authorized by vote, it was the duty of the electors at the annual town meeting to determine the amount needed for the current year and then to levy the tax by amount and not by rate. Although the elections in both instances before us were held prior to the 1929 amendment of section 10, it was incumbent upon the town authorities to proceed in conformity with the act, as amended.

Further objection is made to the special oil road taxes for the towns of Willow Branch, Goose Creek and Sangamon, because they were levied by rate instead of amount. Section 108 of the Roads and Bridges act (Ill. Rev. Stat. 1939, chap. 121, par. 116) makes provision for a vote to be taken in a township for or against an annual tax for the purpose of maintaining and improving roads. Section 110 of the same act (par. 118) directs that if a majority of all ballots cast at said election shall be in favor of the special tax, it shall be the duty of the commissioner of highways to levy an annual tax in accordance with the vote, and certify the same to the county clerk. The county clerk shall cause the levy to be extended on the tax books for the current year and each succeeding year as stated on the certificate filed with him. It appears that favorable votes had been recorded in all of the towns involved in this dispute. In *People* v. *Illinois Central Railroad Co.* 237 Ill. 154, we held that where the proposition to levy a hard road tax for a period of years is adopted by vote, the commissioners of highways may make one levy for the entire period, and that it was not necessary that new levies and ·

certificates should be made annually during the period of years the tax was to be collected. It was said there, "It seems, therefore, clear that the tax to be levied by the commissioners of highways and certified to the town clerk, and by the town clerk certified to the county clerk, is the amount of the tax voted." The legislature has expressly directed that the tax, if voted upon favorably, should be levied by rate and not by amount. The town authorities followed the direction of the statute and the tax was properly levied.

The next item objected to is that the tax for support of poor and indigent persons in Sangamon township is by rate and not by amount. The certificate of levy specifies that the amount to be collected for the support of poor and indigent was approximately $5500, at a thirty-cent rate on each one hundred dollars valuation of taxable property in the town of Sangamon. Other items levied for enumerated purposes amount to $2375. The certificate also contains the statement: "The total amount being $7875 as appears from the records of entries of monies voted to be raised at the town meeting." Substantially the same statement was added to the levy in the case of *People* v. *New York Central Railroad Co.* 369 Ill. 192, and we held there that the levy was by amount and not by rate. The objection to this item was correctly overruled by the county court.

The final objection is that the levy for the school tax in school district Number 95 was that a sufficient sum of money was in the possession of the directors at the time the levy was made, and that no levy should have been made for the school district for the year 1937. One of the directors of the school district testified that an extra expenditure was contemplated by the school district at the time the school levy for the year 1937 was made. Unless the appellant is able to show an abuse of discretion on the part of the directors in making the school district levy, the court will not interfere with the judgment of the taxing body. (*People* v. *Illinois Central Railroad Co.* 366 Ill.

441.) There was no showing here that the school directors committed any gross abuse of their discretion, and the objections to this item were properly overruled.

The judgment of the county court is affirmed in all respects except as to the library taxes and as to that item it is reversed and the cause remanded.

*Affirmed in part and reversed in part and remanded.*