(No. 32810.—

The People *ex rel.* George J. Meyers, County Collector, Appellee, *vs.* Chicago and North Western Railway Company, Appellant.

*Opinion filed September 24, 1953—Rehearing denied Nov. 16, 1953.*

256

Hyer, Gill & Brown, of Rockford, and Nelson Trottman, of Chicago, (Lowell Hastings, of counsel,) for appellant.

Robert R. Canfield, State's Attorney, and Thomas & Davis, both of Rockford, (Charles H. Davis, and Rosario A. Gaziano, of counsel,) for appellee.

Mr. Justice Daily delivered the opinion of the court:

We consider here an appeal from a judgment of the county court of Winnebago County overruling objections made by Chicago and North Western Railway Company,

the appellant, to certain of the taxes extended against its property for the year 1945.

The first objection relates to a levy of $28,000 made for the building fund of School District No. 122. To produce that amount, the county clerk extended a rate of 60.6 cents for building fund purposes and a rate of 27.4 cents for bonds and interest. It appears that prior to April 13, 1929, the maximum rate authorized for building fund purposes was 50 cents, but on that date an election was held at which the voters authorized an increase to 87.5 cents. At the same election it was also favorably voted to increase the educational rate to $2.50. Though some sixteen years had elapsed since the election, appellant, in 1945, objected to the rate extended in excess of 50 cents for building fund purposes, contending that the ballot used at the 1929 election was illegal and void because it combined the propositions of increasing both the building and educational rates in such a manner that the voters were not afforded an opportunity to vote upon them separately. Such a ballot has been held illegal and void in *People ex rel. Toman* v. *Chicago Great Western Railroad Co.* 379 Ill. 594. The collector-appellee does not dispute this requirement for a ballot but contends that appellant failed to sustain its burden of proving by clear and convincing evidence that an illegal form of ballot was used. *People ex rel. Thompson* v. *Chicago, Rock Island and Pacific Railway Co.* 329 Ill. 467.

None of the ballots used at the election were found or introduced into evidence, it appearing rather that Roger T. Welsh, who was secretary to the board of education when the 1929 election was held, had stored them in his attic until 1947, at which time he burned them. To sustain its burden of proof of what the ballot contained, appellant introduced into evidence the certificate of election which the secretary had filed with the county clerk and also called Welsh as a witness to supplement and explain the recitals of the certificate. The certificate did not contain the ballot

as a part thereof but did recite, in a combined form, the propositions voted upon.

The insufficiency of a certificate of election to be clear and convincing evidence of the form of ballot used has been established by this court under varying circumstances in *People ex rel. Hempen* v. *Baltimore and Ohio Railroad Co.* 379 Ill. 543, *People ex rel. Manifold* v. *Chicago, Burlington and Quincy Railroad Co.* 386 Ill. 56, *People ex rel. Manifold* v. *Wabash Railway Co.* 386 Ill. 149, and *People ex rel. Pickerill* v. *New York Central Railroad Co.* 391 Ill. 377. Appellant recognizes and admits to the rule that a certificate of election is not conclusive evidence as to the form of ballot used but contends that the rule is obviated in this cause by the additional evidence given by Welsh who drew the form of ballot used and also executed the certificate. Looking to Welsh's testimony we find that he did state on direct examination that he had prepared the ballot used at the election; that he had used the ballot in voting and that the certificate he executed and identified contained an exact copy of the ballot. However, when the court questioned him as to where he had obtained the wording in the certificate he made this reply: "If I remember correctly, I got that wording from ballots previously used in this district. There was one used a year or two before on the same kind of a referendum, and it was either from that ballot or previous similar ballots, I obtained the wording. By that I mean the wording actually used in the ballot in prior elections." It requires no detailed analysis of the recollections of this witness to demonstrate that his testimony is not of the clear and convincing character that is required. By his own doubtful admission, which is colored by the passage of twenty-four years, it appears that the certificate he executed may have been patterned after similar prior elections rather than the election in question. For all that is shown here his recollection of the ballot might also have referred to another election. The certificate itself not being com-

petent to establish the form of ballot, we must hold that appellant did not meet its burden of establishing the invalidity of the tax. In the absence of proof to the contrary it is to be presumed that the tax is just and that the officers levying it have properly discharged their duties. *People ex rel. Manifold* v. *Chicago, Burlington and Quincy Railroad Co.* 386 Ill. 56.

Building funds levied in school districts Nos. 3, 124, and 122 were objected to by appellant on the ground that they were unnecessary by reason of balances on hand in the building funds of each district, thus making the levies unlawful in that they placed an unreasonable burden on the taxpayers and enabled the districts to retain an unusually large balance over and above their actual requirements. For the first time in this court appellant makes the objection that the levies are further illegal because the districts contemplate unlawful diversion of some of the funds. With regard to the latter ground for objection we need only say that an objection not stated in writing and made a clear, triable issue in the county court as required by the Revenue Act, (Ill. Rev. Stat. 1945, chap. 120, par. 716,) will not be considered for the first time on appeal in this court. (*People ex rel. Nelson* v. *Trustees Central Manufacturing Dist.* 407 Ill. 291; *People ex rel. Rott* v. *New York Central Railroad Co.* 369 Ill. 192.) The objection that the levies are unnecessary by reason of balances on hand in funds of the districts, is based upon the decisions of this court in *People ex rel. Leaf* v. *Roth,* 389 Ill. 287, and *People ex rel. Harding* v. *Chicago and North Western Railway Co.* 413 Ill. 93, where, in each case, levies were struck down as unnecessary, one of the decisive factors being that the districts involved had, at the time of the levies, assets available for the fiscal year in an amount almost twice the estimated expenditures. However, that factor was not completely controlling in either case, for in the *Leaf case* it was shown that the levy was made for an indefinite and

uncertain building project, and in the *Harding case* the questioned levy was for a building project that had previously been levied for. In neither case was it claimed that the levy was made to pay any item of estimated expenditures included in the budget ordinance. The same conditions do not exist in the instant case.

Similar objections were considered by this court in *People ex rel. Batman* v. *Illinois Central Railroad Co.* 366 Ill. 408, and in *People ex rel. Manifold* v. *Wabash Railway Co.* 386 Ill. 149, and the levies were approved even though the districts had on hand sufficient funds to carry out their purpose for almost two years, based on an average of the three preceding years. The rationale of these cases was, and the same principle is stated in the *Leaf case,* that while taxes are levied only for the purpose of defraying the necessary expenses of government and not to enrich the public treasury, a board of education may levy taxes sufficient in amount to accumulate a fund so that the board may operate on a cash basis and it is not necessary to wait until the money is actually needed. (See also: *Mathews* v. *City of Chicago,* 342 Ill. 120; *People ex rel. Harding* v. *Chicago and Northwestern Railway Co.* 331 Ill. 544.) The budget and appropriation ordinance received in evidence in this case reflects the following round figures with regard to the building funds under attack:

|  | Dist. 3 | Dist. 124 | Dist. 122 |
|---|---|---|---|
| Av. Annual cost of operation (3 yrs.) | $4,372 | $7,240 | $16,548 |
| Balance—July 1, 1945 | 4,220 | 2,590 | 5,303 |
| Est. Receipts & Disbursements | 8,140 | 8,439 | 31,270 |
| 1945 Levy | 4,437 | 6,000 | 28,000 |

It will be noted that the levies proximate the average amount spent by the districts for the three years preceding. Considering all of the record relating to these objections we cannot say it is clearly shown that it was the intention of the districts to acquire funds for indefinite or uncertain purposes, or for purposes other than budgeted building fund

expenditures, or that the amounts levied are so excessively gross as to indicate an intention to accumulate funds faster than they will be needed for building fund purposes. The court properly overruled these objections.

We shall next consider a common objection made to building fund levies in school districts Nos. 3, 122, 124, and 210. The objection involves transfers of money from the building fund to the educational fund in each district made under authority purportedly contained in section 17-2 of the School Code. (Ill. Rev. Stat. 1945, chap. 122, par. 17.2.) The pertinent portion of the section, which refers to tax levies, purposes and rates, is as follows: "* * * provided, that taxes levied for building purposes prior to and after the effective date of this amendatory act may, until July 1, 1947, be used for educational purposes in such amounts as the governing body of any school district may determine, if the governing body determines that it is for the best interests of such district to do so and that such funds will not be needed for building purposes. Such determination shall be made by resolution of the governing body prior to the adoption of its budget for any fiscal year."

The districts here involved all substantially complied with the statute by adopting resolutions of transfer which recited that the funds being transferred to the respective educational funds were not necessary for building fund purposes and that it was for the best interest of the district to make the transfer. In the case of district No. 3, $1500 was transferred, while districts Nos. 122, 124, and 210 transferred $7515.07, $2800, and $6494.95, respectively. Immediately after the transfers, the districts all adopted budget ordinances which reflected the amounts so trans-. ferred as budgeted items of building fund expenditures and in such a manner the transferred funds were included in the total amount of building fund expenditures upon which the respective boards based their certificate of levy for building fund purposes for the next ensuing year. The

levies made for building fund purposes in each district were as follows: No. 3—$4437.12; No. 122—$28,000; No. 124 —$6000; and No. 210—$5605. Appellant objects to so much of the rate extended in each district as was necessary to replace the amounts which had been transferred to the educational funds.

It is appellant's contention that, taken in conjunction with the transfer of building funds to the educational funds, the necessary effect of the levies was to raise funds for educational purposes by a tax levy in excess of the maximum educational rate permitted by law; that since the School Code permits the transfer of only unneeded building funds, there was no necessity for making a building fund levy if in fact the amounts to be transferred were not needed; and that if the funds were in fact needed for the building funds the proposed transfers were unlawful and the levies in reality were for the purpose of replacing moneys unlawfully diverted from the building funds. For the appellee, it is urged that the transfers were permissible under the provisions of section 17-2 of the School Code, that the boards in each instance substantially complied with the law, and that each acted in good faith.

Though arising under a different factual situation, this court considered a transfer from a building fund to an educational fund in the recent case of *People ex rel. Harding v. Chicago and North Western Railway Co.* 413 Ill. 93. Calling attention to the temporary nature of the provisions of section 17-2 and to the fact that it gives permission to transfer only if such funds "will not be needed for building purposes," we held that the two funds are separate and distinct and one cannot be used to augment the other by a levy which is excessive and far in excess of the needs of the district, it being illegal to supplement a shortage, if such exists, in one fund by an excessive and unnecessary levy for the other purpose. An additional factor which prompted the decision of the court in that cause was that

the actions of the board indicated a subterfuge to augment the educational fund at the expense of the building fund.

In the present case it is true that the boards were not dealing with building funds which had been specially raised for a definite project, but in each district we have each school board formally declaring by resolution that its building fund resources are in excess of its needs for building purposes and then, at or about the same time, officially declaring, in the levy resolutions and in the formal certificates of levy, that it does require a designated amount for building purposes. Both statements cannot be true and it is obvious that had no transfers been made to the respective educational funds their ensuing building fund needs and levies would have been lessened by the amounts transferred. Such a pattern of conduct, even though practiced in good faith, operates only as a device to augment the educational funds by diverting from the building funds, and, as stated in the *Harding case,* is practice which is not contemplated by any statute and has been condemned by this court. For this reason we hold that the county court erred in overruling this series of objections made to so much of the rate extended in each district as was necessary to replace the amounts transferred to the educational funds.

Our conclusion on the preceding objections is conceded by appellant to make it unnecessary to consider an alternate objection to the building fund levy for School District No. 210.

For the reasons stated, the judgment of the county court of Winnebago County is affirmed in part and reversed in part, and the cause remanded with directions to enter judgment in accordance with the views expressed.

*Affirmed in part, reversed in part,*
*and remanded, with directions.*