# Illinois Official Reports

## Appellate Court

*G.I.S. Venture v. Novak*, 2014 IL App (2d) 130244

| | |
|---|---|
| Appellate Court Caption | G.I.S. VENTURE *et al.*, Plaintiffs-Appellants, v. JOHN LOTUS NOVAK, County Treasurer and *ex officio* County Collector of Du Page County, Illinois, Defendant-Appellee (Board of Education of Bensenville Elementary School District No. 2; Board of Education of Itasca School District No. 10; Marquardt School District No. 15; Board of Education of Queen Bee School District No. 16; Board of Education of Keenyville Elementary School District No. 20; Benjamin School District No. 25; Board of Education of West Chicago Elementary School District No. 33; Lombard Elementary School District No. 44; Villa Park/Lombard School District No. 45; Butler School District No. 53; Board of Education of Darien School District No. 61; Hinsdale Township High School District No. 86; Du Page High School District No. 88; Board of Education of Fenton Community High School District No. 100; Wheaton Warrenville Community Unit School District No. 200; Westmont Community Unit School District No. 201; Elmhurst Community Unit District No. 205, Intervenors-Appellees). |
| District & No. | Second District<br>Docket Nos. 2-13-0221, 2-13-0222, 2-13-0224, 2-13-0225, 2-13-0226, 2-13-0227, 2-13-0228, 2-13-0229, 2-13-0230, 2-13-0231, 2-13-0232, 2-13-0233, 2-13-0234, 2-13-0235, 2-13-0236, 2-13-0237, 2-13-0238, 2-13-0239, 2-13-0244 cons. |
| Filed | September 30, 2014 |
| Rehearing denied | October 31, 2014 |

Held

(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*)

In consolidated actions arising from taxpayers' objections to defendant school districts' transfer of money in working cash funds to educational funds resulting in improper accumulations of money in the educational funds that warranted refunds to the taxpayers, the taxpayers' stipulation to the evidence provided by the school districts that no such improper accumulations resulted established that the school districts were entitled to judgment as a matter of law, and the trial court's entry of summary judgment for the districts was affirmed.

Decision Under Review

Appeal from the Circuit Court of Du Page County, No. 00-T-02; the Hon. Paul M. Fullerton, Judge, presiding.

Judgment

Affirmed.

Counsel on Appeal

Evan B. Karnes II, John A. Powers, and Everardo Martinez, all of Karnes Law, Chtrd., of Chicago, for appellants.

Robert B. Berlin, State's Attorney, of Wheaton (Lisa Anne Hoffman and Donna B. Pindel, Assistant State's Attorneys, of counsel), for appellee.

Panel

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Presiding Justice Burke and Justice Spence concurred in the judgment and opinion.

**OPINION**

¶ 1 Plaintiffs, G.I.S. Venture *et al.* (the taxpayers), appeal from the trial court's orders granting summary judgment in favor of defendant, John Lotus Novak, County Treasurer and *ex officio* County Collector of Du Page County, and 17 school district intervenors (collectively, the Districts) on 54 tax-rate objections spanning 13 years. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3 These consolidated cases arise out of tax objections involving the Districts' transfers of assets held in their working cash funds to other district funds. In the lead case, under which the other objections have been consolidated, West Chicago School District No. 33 (the District) issued bonds of almost $4 million to fund its working cash fund in 1998. During the course of

- 2 -

the 1998-99 fiscal year, the District permanently transferred the net proceeds of the bond issue to its operations and maintenance (O&M) fund. The District then adopted a 1999 tax levy for educational purposes, which was extended at the maximum statutory rate; the District also extended maximum levies for both the O&M and the working cash funds. The taxpayers filed objections, arguing, *inter alia*, that, according to the School Code (Code) (105 ILCS 5/1-1 *et seq*. (West 1998)), the assets transferred from the working cash fund to the O&M fund should have been properly transferred to the educational fund; therefore, the 1999 levy for educational purposes resulted in an illegal and void tax rate and produced excessive taxes in the amount that had been improperly transferred.

¶ 4    After the District intervened, the trial court granted summary judgment in favor of the District and denied the taxpayers' cross-motion for summary judgment. On appeal, this court affirmed in part, reversed in part, and remanded the cause. See *G.I.S. Venture v. Novak*, 388 Ill. App. 3d 184 (2009). We concluded that the Code did not provide for a general permanent transfer of assets from the working cash fund to any fund other than the educational fund and that the District "could not properly permanently transfer the money from the working cash fund to the O&M fund; repayment was required." *Id*. at 191. Although we reversed the trial court's grant of summary judgment in favor of the District, we also affirmed the denial of summary judgment to the taxpayers, finding:

> "Genuine issues of material fact remain as to whether the working cash fund assets, if added to the educational fund, result in an excessive accumulation of assets in the educational fund. Even though the 1999 educational fund levy was extended at the maximum rate, a proper permanent transfer to that fund may result in a proper accumulation of money in that fund. In that case, the taxpayers would not be entitled to judgment. Therefore, additional hearings are required." *Id.* at 192.

After concluding that partial summary judgment should have been entered "as to the permanent nature of the transfer and that any abatement or abolishment should have inured to the benefit of the education fund," we remanded the cause "for further proceedings consistent with [the] opinion to determine if the abolishment, when properly applied, would result in an improper accumulation of assets in the education fund." *Id*.

¶ 5    On remand, the Districts filed motions for summary judgment on 54 objections concerning the Districts' transfers from working cash funds in tax years 1998 through 2010. The District noted that the method for determining whether a tax levy results in an excess accumulation of assets had been established by our supreme court in *Central Illinois Public Service Co. v. Miller*, 42 Ill. 2d 542 (1969), and involved comparing the total assets available in a fund to both the average annual expenditure of the fund for the past three fiscal years and the amount expended in the last fiscal year. In *Miller*, the total assets available in the fund for the tax year at issue were 2.84 times the average annual expenditure for the past three fiscal years and 3.24 times the expenditure in the last fiscal year. *Id*. at 543. The court concluded that the tax levy resulted in an excess accumulation. *Id*. at 545. The Districts also cited this court's application of the *Miller* analysis in *In re Application of the People ex rel. Anderson*, 279 Ill. App. 3d 593, 598 (1996), in which we found that calculations of 1.8 times the average annual expenditure for the past three years and 1.61 times the previous year's expenditure fell "well below" what *Miller* found to be excessive and that the objectors had failed to sustain their burden of proving an excess accumulation. The District then attached as exhibits affidavits and worksheets regarding calculations of the "Funds/Average Expenditure Ratio" for each district and relevant

fiscal year. None of the calculations revealed a ratio that exceeded 1.49516. The taxpayers filed a written stipulation stating that, for each district and relevant year:

> "had the School District properly transferred its Working Cash Fund amount directly into its education(al) fund, no excess accumulation(s) would have occurred in the School District's education(al) fund as calculated under analyses set forth in *Central Illinois Public Service Co. v. Miller*, 42 Ill. 2d 542 (1969) and *In re Application of the People ex rel. Anderson*, 279 Ill. App. 3d 593 (2d Dist. 1996)."

¶ 6    The trial court granted the motions for summary judgment, stating:

> "Now, the plaintiff taxpayers have filed what they have styled as an offer of stipulation concerning possible excess accumulations in the school districts' educational funds if the school district had properly transferred working cash funds to the educational funds. There were no objections to the facts presented and there were no objections to the law presented by the movants.
>
> This Court had found that in G.I.S. Venture, the Appellate Court remanded the case to this Court with instructions to determine whether the transfer of the working cash fund if, quote, properly applied, end of quote, to the educational fund would have resulted in an improper accumulation of assets in the educational fund.
>
> Plaintiffs have now stipulated to this essential fact as applied to each of the objections at issue. For those reasons and as well as what [*sic*] this Court agrees with the movants right now, [I]t's going to grant the defendant intervenor's motion for summary judgment ***."

The court found "no just reason to delay appeal" of its judgment pursuant to Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010). After the court denied the taxpayers' motion for reconsideration, this appeal followed.

¶ 7                                        II. ANALYSIS

¶ 8    The taxpayers contend that the trial court erred in granting the motions for summary judgment. Summary judgment is appropriate only when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2012). "A triable issue precluding summary judgment exists where the material facts are disputed, or where, the material facts being undisputed, reasonable persons might draw different inferences from the undisputed facts." *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 43 (2004). The use of summary judgment is to be encouraged as an aid in the expeditious disposition of a lawsuit; however, it is a drastic means of disposing of litigation and should be allowed only when the right of the moving party is clear and free from doubt. *Springborn v. Village of Sugar Grove*, 2013 IL App (2d) 120861, ¶ 24. We review *de novo* a trial court's grant of summary judgment. *Id*.

¶ 9    A taxing body has broad discretion in estimating the amount of revenue necessary to carry out its lawful objectives; it is presumed that the taxing body has properly discharged its duty and has not abused its discretion in making its levy. *Anderson*, 279 Ill. App. 3d at 596. The objector bears the burden of overcoming this presumption and showing a clear abuse of discretion. *Id*. The unnecessary accumulation of money in the public treasury is against the

policy of the law, and a levy or tax rate that results in such an unnecessary accumulation is illegal. *Id*.

¶ 10    In the tax rate objection complaint against the District, the taxpayers sought a refund of 1999 real estate taxes "by reason of excessive and illegal assessments, levies and taxes extended." The reason the taxpayers gave for their objection to the District's tax levy for educational purposes was the "Excess Rate $0.7774," which was further described as follows:

"A portion of the Working Cash Fund was abated through the transfer of funds to operating funds of the District other than the Educational Fund. Implicit within the School Code is a requirement that such abatement should only be accomplished through a transfer to the Educational Fund. Courts have held that such assets should operate to reduce the amount of taxes necessary to be levied for such purposes and the current levy is excessive to the extent of the transfer."

¶ 11    The taxpayers sought a tax refund for an excessive levy in the educational fund. This court remanded the cause in *G.I.S* to determine whether, if the transferred funds were properly applied to the educational fund, that fund would possess "an improper accumulation of assets." *G.I.S*, 388 Ill. App. 3d at 192. The taxpayers stipulated to the results of *Miller* calculations that were not only far below the results that *Miller* found to demonstrate excess accumulation but also below the results that the *Anderson* court concluded failed to sustain the taxpayers' burden. The material facts are undisputed, and reasonable persons could not draw different inferences from those undisputed facts. See *Adams*, 211 Ill. 2d at 43. Summary judgment in favor of the Districts was proper.

¶ 12    For all the arguments that the taxpayers raise, they inexplicably fail to cite, let alone address or analyze, either *Miller* or *Anderson*. Instead, the taxpayers emphasize *People ex rel. Meyers v. Chicago & North Western Ry. Co.*, 1 Ill. 2d 255 (1953), the only case that the taxpayers relied upon in *G.I.S.* to argue that summary judgment should have been granted in their favor. See *G.I.S.*, 388 Ill. App. 3d at 191. In *Meyers*, the school districts transferred money from their building funds to their educational funds after, pursuant to statute, adopting resolutions of transfer that provided that the money being transferred was not necessary for building-fund purposes; immediately thereafter, the districts adopted budget ordinances "which reflected the amounts so transferred as budgeted items of building fund expenditures" and included those amounts in the certificates of levy for the following year. *Meyers*, 1 Ill. 2d at 261. The supreme court found that each school district involved had acted inconsistently:

"formally declaring by resolution that its building fund resources are in excess of its needs for building purposes and then, at or about the same time, officially declaring, in the levy resolutions and in the formal certificates of levy, that it does require a designated amount for building purposes. Both statements cannot be true and it is obvious that had no transfers been made to the respective educational funds their ensuing building fund needs and levies would have been lessened by the amounts transferred." *Id*. at 263.

¶ 13    While this court generally approved of *Meyers*' analysis regarding an improper transfer of assets between funds ("Similarly, the District's practice here is not contemplated by statute and is condemned by this court." *G.I.S.*, 388 Ill. App. 3d at 192), we did not follow its holding that the trial court had "erred in overruling this series of objections made to so much of the rate extended in each district as was necessary to replace the amounts transferred to the educational fund." *Meyers*, 1 Ill. 2d at 263. Instead, we specifically found:

"Genuine issues of material fact remain as to whether the working cash fund assets, if added to the educational fund, result in an excessive accumulation of assets in the educational fund. Even though the 1999 educational fund levy was extended at the maximum rate, a proper permanent transfer to that fund may result in a proper accumulation of money in that fund. In that case, the taxpayers would not be entitled to judgment. Therefore, additional hearings are required." *G.I.S.*, 388 Ill. App. 3d at 192.

¶ 14 *Meyers* predated *Miller* and its excess accumulation analysis by 16 years, and *Miller* more properly applies here. The question at issue in this case on remand was not whether the District's transfer of assets to the O&M fund was proper; it was not. The question was whether, had the District properly transferred the working cash fund assets to the educational fund, the subsequent educational fund levy would have resulted in an improper accumulation of assets therein. Only then would the taxpayers have been entitled to the requested refund of 1999 real estate taxes "by reason of excessive and illegal assessments, levies and taxes extended." The Districts provided evidence that no such improper accumulation of assets would have resulted, and taxpayers stipulated to that evidence. No genuine issue as to any material fact remained, and the Districts were entitled to judgment as a matter of law. Therefore, the trial court did not err in granting summary judgment in favor of the Districts.

¶ 15                                    III. CONCLUSION

¶ 16 For these reasons, the judgment of the circuit court of Du Page County is affirmed.

¶ 17 Affirmed.