(No. 27690.—)

.THE PEOPLE *ex rel.* John Toman, County Collector, Appellee, *vs.* EDWARD HINES LUMBER COMPANY, Appellant.

*Opinion filed January 20, 1944.*

Scott, MacLeish & Falk, (Robert S. Cushman, and John J. O'Brien, Jr., of counsel,) all of Chicago, for appellant.

Thomas J. Courtney, State's Attorney, Joseph J. Burke, Markman, Donovan & Sullivan, and James F. Lyons, (Thomas C. Donovan, of counsel,) all of Chicago, for appellee.

Mr. Justice Murphy delivered the opinion of the court:

The Edward Hines Lumber Company, appellant, filed objections in the county court of Cook county to the application of the county collector for judgment against the company's property for certain delinquent taxes levied for the year 1940. The only item of tax involved on this appeal was in the levy made by the town of Cicero. The court overruled the objection and the company has appealed.

The town of Cicero superseded a pre-existing civil township and was incorporated under a special act. (Pri-

vate Laws of 1867, p. 385.) The item in the levy ordinance which was objected to is as follows: "For relief purposes (being the minimum amount that can be levied for relief purposes under the statutes requiring a 30c levy in order that the town may receive its allotment of State Funds." Appellant contends the levy was made without statutory authorization and cites cases on the proposition that a municipal corporation which assumes to exercise the power to tax must be able to point to some legislative enactment giving it express power to tax. This is a well-established principle of law and the cases cited by appellant support the principle. (*People ex rel. Newbould* v. *Wabash Railway Co.* 349 Ill. 93; *People ex rel. Gish* v. *Lake Erie and Western Railroad Co.* 248 Ill. 32.) But mere sanction of the principle does not answer appellee's contention that the language used in the levy ordinance is sufficient to definitely identify the power exercised with a statute which expressly directed the levying of a tax for the purposes stated in the levy. Reference is made to section 1 of an act entitled "An Act to authorize certain incorporated towns to levy a tax for the care and support of poor and indigent persons lawfully resident therein," approved December, 1936. (Ill. Rev. Stat. 1943, chap. 107, par. 36a.) It provides: "The president and board of trustees of any incorporated town which has superseded a civil township shall levy and collect annually a tax not to exceed three mills on the dollar on all the taxable property, subject to taxation, in the town for the purpose of providing for the relief and support of all poor and indigent persons lawfully resident therein. The tax shall be in addition to all other taxes now or hereafter authorized to be levied by the town."

Appellant also refers to the statute but contends that the purpose for which the tax was levied, as stated in the levy ordinance, does not identify it as an exercise of the power conferred by the statute. It is argued that the lan-

guage used in the levy ordinance indicates that the purpose for which the tax was levied was to provide a fund to meet an allotment to be made to the town of Cicero from funds disbursed by the State. The provisions of another statute should be considered in connection with such contention.

Section 2 of an act entitled, "An Act to provide for relief of needy persons," approved February 6, 1932, (Ill. Rev. Stat. 1943, chap. 23, par. 394,) provides that if the duty of providing relief and support in any county under the provisions of the Pauper Act has been cast upon some governmental unit other than the county, then money allocated to the county and paid to the county treasurer by virtue of this act shall be paid to the overseer of the poor of the unit furnishing the relief under the Pauper Act as certified by the Illinois Public Aid Commission. The payment to a unit other than the county is subject to the proviso that "in case any governmental unit charged with the duty of providing relief and support for all poor and indigent persons lawfully resident therein has failed to levy within the time that such levy is authorized to be made, at least three mills of each dollar of the total equalized value of all the taxable property therein for such purpose no money shall be allocated to such governmental unit until such levy has been made."

The words "for relief purposes" when used in connection with tax matters usually refer to some form of relief for some class of people who are dependent upon the public for financial aid. It is a term frequently used in connection with such matters and is found in many statutory enactments where the legislature has authorized the levying of a tax for the aid of some class of people. Taking the usually accepted meaning of these words as a base, the remainder of the statement in the levy ordinance is readily understandable. It shows it to be a levy for relief purposes which the town of Cicero had the power to make

under paragraph 36(a) of chapter 107. It was for the relief and support of the poor and indigent persons residing in the town. Further identification of the levy with the power conferred in this statute is found in the statement in the levy ordinance that the amount levied is the minimum that can be levied for relief purposes in order to obtain allotment from State funds. This identifies it as being a levy under the power given in paragraph 36(a).

This case is distinguishable from *People ex rel. Little* v. *Peoria and Eastern Railway Co.* 383 Ill. 79, relied upon by appellant, in that the levy in that case was a township levy for "Home Relief (including veterans.)" It covered two purposes, (a) "home relief," which this court said would be a levy of taxes for the care of poor and indigent of the township, and (b) "relief to veterans." Under the Bogardus Act, relief to veterans was to be furnished by the county. There is but one general purpose included in the levy in this case and that is to provide support and maintenance for the poor and indigent residents of the township under the provisions of the Pauper Act.

Appellant's further contention is that the levy was excessive. An unnecessary accumulation of money in the public treasury is against the policy of the law and taxing bodies may not levy taxes faster than they are likely to be needed. (*People ex rel. Harding* v. *Chicago and Northwestern Railway Co.* 331 Ill. 544.) Taxing authorities should anticipate as nearly as they can the amount of money necessary for operating their political subdivisions and arrange to have funds ready to meet the obligations when due, (*People ex rel. Salm* v. *Crear,* 300 Ill. 611,) but the amount necessary for such purposes is ordinarily committed to their reasonable discretion and courts will not interfere with the exercise of sound business judgment. Courts will act where it appears there has been an abuse of discretion. (*People ex rel. Schaefer* v. *New York, Chicago and St. Louis Railroad Co.* 353 Ill. 518. The burden

is upon the objector to show an abuse but it is not necessary to show actual fraud. In this case appellant made no such showing. It relies upon the implication that arises out of the statement in the levy ordinance that the levy was for the minimum as such minimum was required to be levied before it could obtain allotment from State funds. This does not show that there was an abuse of the discretion vested in the president of the board of trustees of the town of Cicero in determining the amount necessary for relief purposes.

The judgment of the county court is correct and is affirmed.