(No. 41683—

CENTRAL ILLINOIS PUBLIC SERVICE COMPANY, Appellant,
*vs.* LOIS E. MILLER, County Treasurer, Appellee.

*Opinion filed May 28, 1969.*

INGHRAM & DITTMEYER, of Quincy, and NAFZIGER &
OTTEN of Springfield, (JOHN T. INGHRAM and ELMER
NAFZIGER, of counsel) for appellant.

DONALD G. ADAMS, State's Attorney, and DELBERT Loos, both of Quincy, for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Central Illinois Public Service Co. pursues two tax objections on this appeal from adverse rulings by the circuit court of Adams County. One is for $36,518.94 in taxes extended against its personal property by the town of Quincy for general assistance purposes for 1966 and the other is for $7,818.76 extended against its personal property for payment of annual principal and interest on swimming pool bonds of Quincy Park District. Both amounts were included in a total of $106,844.06 of taxes paid under protest.

The objection to the levy for general assistance is based on the contention that the amount on hand in the general assistance fund, together with the funds due from the previous year's levy, made a levy for 1966 unnecessary and resulted in an illegal accumulation of monies.

The facts are stipulated. The balance on hand at the beginning of the fiscal year was $173,649.85 and taxes extended for the prior year (1965) amounted to $131,797.33, making total assets of the fund $305,477.18. Actual expenditures from the fund for the three previous fiscal years were $109,561.63, $118,380.65 and $94,163.46, respectively, or an average of $107,368.60 per year. Thus, the amount available was 2.84 times the 3-year annual average spent and 3.24 times the amount expended in the last previous fiscal year.

It has long been the fixed policy in this State not to permit the unnecessary accumulation of monies in the public treasury. And while the taxing authorities have reasonable discretion in fixing the amount necessary to be raised, the courts will interfere to prevent a clear abuse of their discretionary powers. *People ex rel. Schaefer v. New York, Chicago and St. Louis Railroad Co.,* 353 Ill. 518; *People ex rel.*

*Nash* v. *Westminster Building Corp.,* 361 Ill. 153; *People ex rel. Leaf* v. *Roth,* 389 Ill. 287.

A review of the cases in this area makes it apparent that this levy was not justified. In *People ex rel. Bracher* v. *Millard,* 307 Ill. 556, it was held that where there were sufficient funds to pay interest on road bonds for 2 years with a balance over, the levy was void. In the *New York, Chicago and St. Louis Railroad Co.* case the levy was declared illegal where the cash on hand and in process of collection was 3 times the average yearly expense for improvements. In *Roth* (cited with approval in *People ex rel. Harding* v. *Chicago and North Western Railway Co.,* 413 Ill. 93) this court voided a levy where the district had assets available, not including any part of the questioned levy, in almost twice the estimated expenditures.

There is nothing in the record to indicate any unusual anticipated call upon the fund or that the levy was for any purpose other than the accumulation of monies in the fund. The argument is made in the town's brief that it has no control over the number of people who will need aid in a given year. This argument is not impressive when the expenditures for the past three years have varied only slightly over $15,000 between the high and low for the period, and the cash balance has steadily increased each year, the balances being $150,132.99, $161,693.45 and $173,649.85, respectively. From the brief it is apparent that the real reason for continuing to accumulate further surpluses is the belief that if no levy is made the town would not be eligible for a State supplement in case of some unusual demand for assistance. While loss of State assistance is not a valid reason for continuing to make levies which result in abnormal accumulation of surplus funds, there is a ready answer. Section 4—29 of article IV of the Public Assistance Code (Ill. Rev. Stat. 1965, ch. 23, par. 429) makes provision for allocation of State funds where there is no levy made be-

cause of the unobligated balance of funds on hand. Section 3.04 of article IV of the Township Organization Act (Ill. Rev. Stat. 1965, ch. 139, par. 39.04). shows a legislative intent that surpluses not be created by inclusion of a proviso which reads that the tax "shall in no case exceed the amount needed in such township for such general assistance." We are of the opinion that this levy was an abuse of discretion, that the objection should have been sustained and the sum of $36,518.94 paid under protest should have been refunded to the taxpayer.

The park district included in its 1966 annual tax levy ordinance an item for interest on and retirement of swimming pool general obligation bonds and taxes were extended under that ordinance. The taxpayer's objection is that the levy was void because there was no provision made at or before issuing the bonds for a levy of taxes sufficient to pay the principal of and interest on the bonds and that there was no bond ordinance on file in the office of the county clerk at the time of the extension.

The board of commissioners of the park district adopted a resolution calling an election to submit the proposition to issue $125,000 in bonds for construction of a swimming pool and rehabilitation of other facilities. Apparently through mistake, a certified copy of the resolution was filed in the office of the county clerk rather than bond ordinance No. 108. That ordinance provided for the issuance of $125,000 in bonds of $5,000 denomination, dated May 15, 1964, bearing interest at 2.6 per cent per annum, payable semi-annually and maturing in numerical order, $25,000 on May 15, 1965, and a like amount on May 15 the following 4 years, although it did not contain an actual levy.

Section 12 of article IX of the constitution provides that before incurring indebtedness a municipal corporation shall "before or at the time of doing so" provide for the collection

of a direct annual tax to pay the debt and interest as it falls due. This provision is self executing. (*People ex rel. Hicks v. New York, Chicago and St. Louis Railroad Co.*, 323 Ill. 493; *People ex rel. Brenza v. Anderson*, 411 Ill. 252.) Section 6—6 of article 6 of the Park District Code, (Ill. Rev. Stat. 1965, ch. 105, par. 6—6) states that a certified copy of an ordinance providing for the levy shall be filed with the county clerk, while section 172 of the Revenue Act, (Ill. Rev. Stat. 1965, ch. 120, par. 653) provides that the clerk shall make his extensions before the 31st of December.

*People ex rel. McDonough v. Chicago, Milwaukee, St. Paul and Pacific Railroad Co.*, 354 Ill. 630, 639, held a levy to be invalid if the ordinance is not filed before the law required the tax books to be completed and in the hands of the county collector. In this case the bond ordinance was not filed at the time of issuance of the bonds. In fact, it was not filed until January 7, 1967, after the time for the books to be closed. However, these alleged infirmities are not fatal here because it has been held that a levy may be made later in an annual tax levy ordinance for the current year's debt and interest. (*People ex rel. Biebinger v. Peoria and Eastern Railway Co.*, 216 Ill. 221, 228; *St. Louis, Alton and Terre Haute Railroad Co. v. People ex rel. Wolf*, 225 Ill. 418, 422; *People ex rel. Peer v. Louisville and Nashville Railroad Co.*, 300 Ill. 312.) Ordinance No. 127 (the 1966 annual tax levy ordinance) included a levy for the payment of the third installment of principal due May 15, 1967, and current interest on the swimming pool bonds, which ordinance was in proper form and filed within the time prescribed by statute. Consequently, this objection has no merit.

The judgment of the circuit court of Adams County is affirmed as to the park district levy and it is reversed as to the Town's public assistance levy and the cause is remanded with directions to enter an order for the county treasurer and ex-officio collector of taxes to return to Central Illinois Public Service Company, $36,518.94 extended against it for

assistance purposes of the town of Quincy, to be refunded out of $106,844.06 taxes for 1966 which were paid under protest by the taxpayer.

*Affirmed in part and reversed in part and remanded, with directions.*