*In re* APPLICATION OF EDWARD T. O'CONNOR, Peoria County Treasurer and Ex-Officio Collector.—(MARY T. IVES *et al.*, Plaintiffs-Appellants, *v.* EDWARD T. O'CONNOR, Defendant-Appellee.)

Third District   No. 79-215

Opinion filed January 15, 1980.

Phillip B. Lenzini, of Kavanagh, Scully, White & Frederick, of Peoria, for appellants.

Roberta Szydlowski, Assistant State's Attorney, and Rudolph J. Westphal, both of Peoria, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This appeal results from a tax objection suit brought by the residents of Limestone Township, Peoria County, Illinois. At the close of the plaintiff-objector's evidence, the circuit court of Peoria County entered a decision in favor of the defendant, the treasurer and collector of Peoria County. The objecting taxpayers did not acquiesce in the lower court's decision and have brought the matter here for our review.

■■ The laws of Illinois make provision for payment of real property taxes under protest where the taxpayer believes that the tax is illegal or void. (Ill. Rev. Stat. 1977, ch. 120, par. 675, 716.) Prior decisions of the reviewing courts of this State have determined that the unnecessary accumulation of money in the public treasury is against the policy of the law, and a levy or tax rate which results in such an unnecessary accumulation is illegal. (*People ex rel. Nash v. Westminster Building Corp.* (1935), 361 Ill. 153, 197 N.E. 573; *People ex rel. Wilson v. Wabash Ry. Co.* (1938), 368 Ill. 497, 14 N.E.2d 650; *People ex rel. Toman v. 110 South Dearborn Street Building Corp.* (1939), 372 Ill. 459, 24 N.E.2d 373; *People ex rel. Toman v. Edward Hines Lumber Co.* (1944), 385 Ill. 366, 52 N.E.2d 720; *People ex rel. Harding v. Chicago & North Western Ry. Co.* (1952), 413 Ill. 93, 108 N.E.2d 22; *People ex rel. Brenza v. Morrison Hotel Corp.* (1954), 4 Ill. 2d 542, 123 N.E.2d 488; *People ex rel. Kramer v. Chicago, Burlington & Quincy R.R. Co.* (1956), 8 Ill. 2d 382, 134 N.E.2d 335; *Central Illinois Public Service Co. v. Miller* (1969), 42 Ill. 2d 542, 248 N.E.2d 89; *In re Application of County Collector* (1976), 41 Ill. App. 3d 106, 354 N.E.2d 42.) The objectors in the case at bar followed the statutory procedure and paid their taxes for the year 1976 under protest based upon their contention that the taxes levied in respect to four separate funds in Limestone Township, to-wit, the town fund, the road

and bridge fund, the joint bridge fund, and the equipment and building fund, would result in excessive accumulations.

The facts as disclosed by the record of the proceedings below are not disputed. Only the legal effect of those facts are at issue. For convenience, the fund balances and levies set forth in the record are presented in chart form below:

|  | Town Fund | Road & Bridge Fund | Joint Bridge Fund | Equipment & Building Fund |
|---|---|---|---|---|
| Fund Balance April 1, 1976 | $115,653 | $ 57,513 | $25,910 | $1,890 |
| 1976-1977 Revenue From 1975 Levy | $ 81,041 | $104,448 | $ 8,516 | $8,015 |
| Contested 1976 Levy | $ 86,386 | $137,385 | $ 8,500 | $8,000 |

It should be noted that revenues expected during the 1976-1977 fiscal year as a result of the 1975 levy are not available in the township treasury on the first day of the corporation's fiscal year.

Our supreme court has offered guidance as to the proper method for analyzing excess accumulations with its decision in *Central Illinois Public Service Co. v. Miller*. There, Justice Klingbiel added the fund balance at the beginning of the fiscal year to the taxes extended for the prior year. The sum of this computation was then divided by the average annual expenditure from the fund for the previous several years. Using this method, the *Miller* court concluded that where the computed sum of funds available was 2.84 times the annual average expenditure and 3.24 times the amount expended in the last previous fiscal year, any further tax levy would result in an illegal excess accumulation.

■■ We are not persuaded that the *Miller* court's analysis provides a formula to be applied with mathematical precision. Indeed, the *Miller* opinion suggests that the result could be different if the accumulation were for an express purpose or to meet some anticipated call upon the monies in the fund. Nevertheless, absent any ameliorating factors, accumulations such as those struck down in *Miller*, that is, accumulations of 2.84 times the annual average expenditure, are probably unnecessary and thus illegal.

■■ ■ In the case at bar, the town fund is 2.9 times the previous year's expenditure and 2.9 times the average expenditures of several years. Thus, the appellant-objectors correctly point out that using the analysis of the *Miller* court, the accumulation in the town fund exceeds the bounds of

necessity. The appellee correctly reminds the court that money on hand on April 1, 1976, will not be replenished by the 1975 levy until sometime later in the fiscal year, but even if such new funds were not available until the very final day of the fiscal year, the fund balance carried over from fiscal year 1975-1976 is better than 170% of the previous year's expenditures. The township is undeniably entitled to maintain sufficient funds in its treasury to pay bills as they become due (*People ex rel. Kramer v. Chicago, Burlington & Quincy R.R. Co.* (1956), 8 Ill. 2d 382, 134 N.E.2d 335), but the accumulation in the town fund far exceeds that need. No other ameliorating factors appear in the record, and we must therefore agree with the appellant that the accumulation in the town fund is unnecessary and illegal. Since the circuit court's decision was entered at the close of the objector's evidence, the defendant should be allowed, upon remand, to present testimony evincive of the need for accumulations of this magnitude.

■■ The accumulations in the other three funds challenged by plaintiff's suit are clearly not in the suspect range established by the *Miller* case with the exception of the joint bridge fund. The record discloses a particular purpose of the joint bridge accumulation and the subsequent expenditure of those accumulated funds for the stated purpose. It was not error for the trial court to enter a verdict for the defendant as to the road and bridge fund, the joint bridge fund, and the equipment and building fund.

The objectors have attempted to cast their case against Limestone Township in terms of the gross accumulation of several funds combined. None of the cases cited in the preceding paragraphs have utilized this multiple fund approach in analyzing excess accumulations. Based upon the numerous Illinois authorities referenced herein, we believe it is preferable to scrutinize the accumulation in each fund independently of all other funds even if the monies in various funds are to some extent transferable.

In a motion taken with the case, the appellee moves this court to strike those portions of appellant's brief which make reference to the other funds in the township. Because those funds cannot properly be considered in determining the legality of accumulations in the four challenged funds, appellee's motion is granted.

After a careful review of the oral and written arguments of counsel, and for the reasons above stated, the decision of the circuit court of Peoria County is affirmed in part and reversed as to the town fund. Upon remand, the circuit court may hear defendant's case.

Affirmed in part; reversed in part; remanded.

BARRY and STENGEL, JJ., concur.