THE PEOPLE *ex rel.* JOHN W. TOYNTON, County Treasurer and *ex officio* Collector of Taxes of La Salle County, Plaintiff-Appellee, v. COMMONWEALTH EDISON COMPANY, Defendant-Appellant.

Third District    No. 3—96—0210

Opinion filed November 15, 1996.

Douglas F. Spesia (argued) and Christian G. Spesia, both of Spesia, Ayers, Ardaugh & Wunderlich, of Joliet, for appellant.

Sheryl H. Kuzma (argued) and Andrew J. O'Conor, both of Myers, Daugherity, Berry & O'Conor, Ltd., of Ottawa, for appellees.

JUSTICE McCUSKEY delivered the opinion of the court:

In five separate cases, Commonwealth Edison (ComEd) filed objections to the taxes it paid various governmental bodies in La Salle County for the tax years 1988 through 1992. The cases were consolidated in the circuit court.

This appeal involves ComEd's objections to the real estate taxes levied by Brookfield Township (Township) and by Brookfield-Allen Multi-Township Assessment District (District). ComEd claimed that the levies by the Township and the District were illegal because of an excessive accumulation of funds. The circuit court of La Salle County determined that ComEd did not meet its burden to show that the tax levies were illegal. As a result, the court granted summary judgment in favor of the Township and the District.

On appeal, ComEd initially argues that the undisputed evidence showed the tax levies were unnecessary and illegal. ComEd therefore contends that summary judgment should have been granted in its favor. In the alternative, ComEd argues that the cases should be

remanded to the circuit court because the Township and the District did not show that they were entitled to judgment as a matter of law. Following our careful review of the record, we agree with ComEd's second argument and remand the cases for an evidentiary hearing in the circuit court of La Salle County.

## FACTS

ComEd filed objections to the Township's levy of taxes for its road and bridge fund for the 1988 and 1990 tax years. It objected to the Township's levy for its equipment and building fund for the 1988, 1990, 1991 and 1992 tax years. In addition, ComEd filed objections to the District's levy for its general corporate purposes fund for the 1988, 1989, 1990, 1991 and 1992 tax years. In each of these 11 objections, ComEd showed that the balance remaining in the fund each year plus the taxes receivable for the prior tax year greatly exceeded the average annual expenditures from the fund. The accumulations in the funds ranged from 2.01 to 2.95 times the average annual expenditures for the previous three years. ComEd claimed that these figures proved the Township and the District abused their discretion when they levied additional taxes when the funds already contained large accumulations.

On September 9, 1994, the Township and District filed a response to ComEd's objections. The response did not dispute ComEd's calculations. However, the Township and the District argued that the fund balances were within the discretionary parameters established by Illinois case law. Also, the Township and the District explained the purpose of the funds and listed some of the expenditures that had been made from the funds. However, we note from our review of the record that no affidavits or other evidentiary documents were attached to the pleadings to substantiate any of the facts alleged in the response.

On November 7, 1995, the Township and District filed a motion for summary judgment. They claimed that they were entitled to summary judgment because ComEd had failed to meet its burden to show that the levies were an abuse of the taxing bodies' discretion. ComEd filed a response and a cross-motion for summary judgment on January 2, 1996. ComEd argued that the undisputed figures proved the challenged tax levies were unnecessary and illegal because of the excessive accumulation remaining in each fund.

A hearing was held in the circuit court during which no evidence was presented. The Township and the District argued at the hearing that there is no hard and fast rule under Illinois case law concerning when an accumulation is excessive. They contended that the accumulations were not excessive based upon established Illinois law.

ComEd disagreed and argued that the fund accumulations were excessive. ComEd noted that neither the Township nor the District "offered any facts or any evidence to this Court in justification for them making a continued levy in the face of these large accumulations of funds." In response, the Township and the District argued that it was not their burden to justify the challenged levies. Following the hearing, the court concluded that ComEd had not met its burden to show that the tax levies were illegal. As a result, the court granted summary judgment in favor of the Township and the District. ComEd filed a timely notice of appeal.

## ANALYSIS

### I. Standard of Review

■ A motion for summary judgment should be granted when the pleadings, depositions, admissions and affidavits show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 1994). Accordingly, summary judgment is proper *only* when the resolution of a case hinges on a question of law and the moving party's right to judgment is clear and free from doubt. *In re Estate of Hoover*, 155 Ill. 2d 402, 410, 615 N.E.2d 736, 739 (1993). In summary judgment cases, the reviewing court considers the evidence *de novo. Hoover*, 155 Ill. 2d at 411, 615 N.E.2d at 740.

### II. Law on Excessive Accumulation of Funds

■ The law is well settled that taxing bodies retain broad discretion in estimating the dollar amounts necessary to carry out their lawful objectives. *In re Application of Rosewell*, 159 Ill. 2d 393, 401, 639 N.E.2d 559, 562 (1994); *In re Application of the People ex rel. Anderson*, 279 Ill. App. 3d 593, 596, 665 N.E.2d 521, 523 (1996). Thus, taxing bodies may proceed to levy real estate taxes based upon these estimates. The law presumes that a taxing body has properly discharged its legal duty and has not abused its discretion when it makes the real estate tax levy. *Anderson*, 279 Ill. App. 3d at 596, 665 N.E.2d at 523. The mere fact that there is a discrepancy between the amount of money levied in a given year and the amount of money actually needed is of limited significance. *Rosewell*, 159 Ill. 2d at 401-02, 639 N.E.2d at 563.

Accordingly, in "reviewing a taxpayer's objections to governmental appropriations and levies, the courts play a limited, although significant, role." *Rosewell*, 159 Ill. 2d at 401, 639 N.E.2d at 562. Moreover, the law is clear that tax objectors bear a substantial burden of proof in establishing that a taxing body has abused its discretion and

has illegally accumulated or diverted taxes. *Rosewell,* 159 Ill. 2d at 402-04, 639 N.E.2d at 563-64.

■ However, the law is also clear that the "[u]nnecessary accumulation of money in the public treasury is against the policy of the law, and a levy or tax rate which results in such an unnecessary accumulation is illegal." *Anderson,* 279 Ill. App. 3d at 596, 665 N.E.2d at 523; see also *Central Illinois Public Service Co. v. Miller,* 42 Ill. 2d 542, 543, 248 N.E.2d 89, 90 (1969). The law is well settled that courts *will* interfere in the taxing process when it is necessary to prevent a clear abuse of a taxing body's discretionary powers. *Miller,* 42 Ill. 2d at 543-44, 248 N.E.2d at 90.

In *Miller,* our supreme court set forth a formula for analyzing whether a tax fund contains an excess accumulation. The court added the fund balance at the beginning of the fiscal year to the real estate taxes extended for the prior year to determine the total amount of funds available for the fiscal year. The court in *Miller* then divided this amount by the average annual expenditure from the fund for the prior three fiscal years. In utilizing this method, the court in *Miller* determined that the amount available in the challenged fund was 2.84 times the average annual expenditure and 3.24 times the amount actually expended in the prior fiscal year. *Miller,* 42 Ill. 2d at 543, 248 N.E.2d at 90. Our supreme court then noted that it had previously declared a real estate tax levy illegal where the amount accumulated was almost twice the estimated expenditures (42 Ill. 2d at 543-44, citing *People ex rel. Leaf v. Roth,* 389 Ill. 287, 59 N.E.2d 643 (1945)) and where the cash on hand was three times the average expenditure from the fund (42 Ill. 2d at 543-44, citing *People ex rel. Schaefer v. New York, Chicago & St. Louis R.R. Co.,* 353 Ill. 518, 187 N.E. 443 (1933)). The supreme court noted that there was "nothing in the record to indicate any unusual anticipated call upon the fund or that the levy was for any purpose other than the accumulation of monies in the fund." *Miller,* 42 Ill. 2d at 544, 248 N.E.2d at 90. In sum, the court determined that the levy was not justified and was an abuse of discretion. *Miller,* 42 Ill. 2d at 544-45, 248 N.E.2d at 90-91.

We stated in *In re Application of O'Connor,* 80 Ill. App. 3d 354, 356, 399 N.E.2d 683, 685 (1980), that the formula set forth in *Miller* was the proper method for analyzing excess real estate tax accumulations. In *O'Connor,* the taxpayer objectors' evidence showed that the accumulation was 2.9 times the average expenditures from the challenged fund. We concluded that an accumulation of this size showed that the fund exceeded the bounds of necessity. *O'Connor,* 80 Ill. App. 3d at 356-57, 399 N.E.2d at 685. As a result, we held that the circuit court erred when it entered judgment in favor of the taxing body at

the close of the objectors' case, after receiving evidence of this type of accumulation. *O'Connor*, 80 Ill. App. 3d at 357, 399 N.E.2d at 685. We then concluded that the taxing body should be given an opportunity, on remand, to present testimony showing "the need for accumulations of this magnitude." *O'Connor*, 80 Ill. App. 3d at 357, 399 N.E.2d at 685.

Subsequently, in *Belke v. County of Peoria*, 169 Ill. App. 3d 839, 523 N.E.2d 1295 (1988), we upheld the circuit court's order denying relief where the challenged tax levy was for the specific purpose of renovating the Peoria County courthouse. In deciding the case, we noted:

> "In the context of tax objection cases, a definition of 'accumulation' has emerged which equates that term with amounts which exceed two to three times the foreseeable expenditures of the taxing body." *Belke*, 169 Ill. App. 3d at 844, 523 N.E.2d at 1298, citing *Miller*, 42 Ill. 2d 542, 248 N.E.2d 89.

The Appellate Court, Second District, very recently concluded that the *Miller* analysis was the proper formula for determining excess accumulations. *Anderson*, 279 Ill. App. 3d at 596, 665 N.E.2d at 523. In that case, the accumulation was shown to be 1.65 times the average annual expenditures. Accordingly, the court in *Anderson* found that the objectors had failed to meet their burden of showing an excessive accumulation. *Anderson*, 279 Ill. App. 3d at 597-98, 665 N.E.2d at 524-25.

Based upon our review of applicable case law, we do not agree with the argument that a taxpayer cannot meet its burden of showing an excess accumulation unless the accumulation is at least 2.84 times the average annual expenditure. We find that argument to be inconsistent with the Township's and District's statement before the trial court that there is no hard and fast rule regarding when an accumulation is excessive. Moreover, we find the argument contrary to our finding in *O'Connor* that *Miller* did *not* provide "a formula to be applied with mathematical precision." *O'Connor*, 80 Ill. App. 3d at 356, 399 N.E.2d at 685.

We are convinced that our interpretation of *Miller* as stated in *Belke* is correct. Consequently, we conclude that a tax objector can meet its burden to show an excessive accumulation by presenting evidence that the accumulation in the fund exceeds two to three times the average annual expenditures from the fund. Furthermore, we are not persuaded otherwise by our review of the case law cited by the Township and the District. All of those cases predate our supreme court's decision in *Miller*. See, *e.g.*, *People ex rel. Meyers v. Chicago & North Western Ry. Co.*, 1 Ill. 2d 255, 115 N.E.2d 339 (1953); *People ex rel. Manifold v. Wabash Ry. Co.*, 386 Ill. 149, 53 N.E.2d 976 (1944).

We conclude that the circuit court in the instant case unduly relied on *Rosewell* in finding that ComEd did not meet its burden of showing an excess accumulation. In *Rosewell*, our supreme court held that a real estate tax levy for expenses that were anticipated when the levy was made, but turned out to be unnecessary, was not an abuse of the taxing body's discretion. *Rosewell*, 159 Ill. 2d at 407, 639 N.E.2d at 565. In sum, we conclude that *Rosewell* is factually distinguishable from the instant case.

## III. Conclusion

■ ComEd's evidence showed that, using the *Miller* method of analyzing the funds, the challenged funds contained from 2.01 to 2.95 times the average annual expenditures. We find this evidence was sufficient for ComEd to make a showing of excess accumulation and to overcome the presumption that the taxing bodies did not abuse their discretion in making the challenged levies. Because we determine that ComEd's evidence raised a question of fact regarding whether the tax levies were unnecessary and illegal, the Township and the District were not entitled to summary judgment as a matter of law. Consequently, the circuit court erred when it granted summary judgment in favor of the taxing bodies.

Conversely, we also determine that ComEd was not entitled to summary judgment. ComEd's evidence that the funds contained excess accumulations does *not* automatically prove that the challenged tax levies were illegal as a matter of law. The record reveals that *no* evidence was presented below regarding the taxing bodies' need for accumulations in the challenged funds. The Township and the District did not present this evidence in the circuit court because they contended, and the court agreed, that ComEd had not met its burden. In *O'Connor*, under similar circumstances, we remanded the case to the circuit court so the taxing body could present evidence regarding the need for the accumulations in the challenged funds. *O'Connor*, 80 Ill. App. 3d at 357, 399 N.E.2d at 685. From our review of the record, we conclude that the same result is warranted here. Accordingly, we remand this cause to the circuit court of La Salle County for an evidentiary hearing to allow the Township and the District the opportunity to present evidence in support of their claim that the accumulations in the challenged funds are justified and not an abuse of discretion.

For the reasons stated, the judgment of the circuit court of La Salle County is reversed, and the cause is remanded.

Reversed and remanded.

HOLDRIDGE and MICHELA, JJ., concur.