No. 3--96--0210

_________________________________________________________________

                                IN THE

                               APPELLATE COURT OF ILLINOIS

                               THIRD DISTRICT

                               A.D. 1996

_________________________________________________________________

THE PEOPLE OF THE STATE OF     )   Appeal from the Circuit Court

ILLINOIS, ex rel. JOHN W.      )   of the 13th Judicial Circuit,

TOYNTON, COUNTY TREASURER      )   La Salle County, Illinois

and ex officio COLLECTOR OF    )

TAXES OF LA SALLE COUNTY,      )   Nos. 89--TX--42, SUB 1

ILLINOIS                       )        90--TX--41, SUB 5

                               )        91--TX--45, SUB 2

     Plaintiff-Appellee,       )        92--TX--24, SUB 1

                               )       93--TX--66, SUB 2

        v.                     )        94--TX--42, SUB 1

                               )

COMMONWEALTH EDISON COMPANY,   )   Honorable

                               )   Robert L. Carter,

     Defendant-Appellant.      )   Judge Presiding

_________________________________________________________________

JUSTICE McCUSKEY delivered the opinion of the court:

_________________________________________________________________

     In five separate cases, Commonwealth Edison (ComEd) filed

objections to the taxes it paid various governmental bodies in

La Salle County for the tax years 1988 through 1992.  The cases

were consolidated in the circuit court.  

     This appeal involves ComEd's objections to the real estate

taxes levied by Brookfield Township (Township) and by Brookfield-

Allen Multi-Township Assessment District (District).  ComEd claimed

that the levies by the Township and the District were illegal

because of an excessive accumulation of funds.  The circuit court

of La Salle County determined that ComEd did not meet its burden to

show that the tax levies were illegal.  As a result, the court

granted summary judgment in favor of the Township and the District.

     On appeal, ComEd initially argues that the undisputed evidence

showed the tax levies were unnecessary and illegal.  ComEd

therefore contends that summary judgment should have been granted

in its favor.  In the alternative, ComEd argues that the cases

should be remanded to the circuit court because the Township and

the District did not show that they were entitled to judgment as a

matter of law.  Following our careful review of the record, we

agree with ComEd's second argument and remand the cases for an

evidentiary hearing in the circuit court of La Salle County.

                                   FACTS

     ComEd filed objections to the Township's levy of taxes for its

Road and Bridge fund for the 1988 and 1990 tax years.  It objected

to the Township's levy for its Equipment and Building fund for the

1988, 1990, 1991 and 1992 tax years.  In addition, ComEd filed

objections to the District's levy for its General Corporate

Purposes fund for the 1988, 1989, 1990, 1991 and 1992 tax years. 

In each of these eleven objections, ComEd showed that the balance

remaining in the fund each year plus the taxes receivable for the

prior tax year greatly exceeded the average annual expenditures

from the fund.  The accumulations in the funds ranged from 2.01 to

2.95 times the average annual expenditures for the previous three

years.  ComEd claimed that these figures proved the Township and

the District abused their discretion when they levied additional

taxes when the funds already contained large accumulations.  

     On September 9, 1994, the Township and District filed a

response to ComEd's objections.  The response did not dispute

ComEd's calculations.  However, the Township and the District

argued that the fund balances were within the discretionary

parameters established by Illinois case law.  Also, the Township

and the District explained the purpose of the funds and listed some

of the expenditures which had been made from the funds.  However,

we note from our review of the record that no affidavits or other

evidentiary documents were attached to the pleadings to

substantiate any of the facts alleged in the response.  

     On November 7, 1995, the Township and District filed a motion

for summary judgment.  They claimed that they were entitled to

summary judgment because ComEd had failed to meet its burden to

show that the levies were an abuse of the taxing bodies'

discretion.  ComEd filed a response and a cross-motion for summary

judgment on January 2, 1996.  ComEd argued that the undisputed

figures proved the challenged tax levies were unnecessary and

illegal because of the excessive accumulation remaining in each

fund.  

     A hearing was held in the circuit court during which no

evidence was presented.  The Township and the District argued at

the hearing that there is no hard and fast rule under Illinois case

law concerning when an accumulation is excessive.  They contended

that the accumulations were not excessive based upon established

Illinois law.

     ComEd disagreed and argued that the fund accumulations were

excessive.  ComEd noted that neither the Township nor the District

"offered any facts or any evidence to this Court in justification

for them making a continued levy in the face of these large

accumulations of funds."  In response, the Township and the

District argued that it was not their burden to justify the

challenged levies.  Following the hearing, the court concluded that

ComEd had not met its burden to show that the tax levies were

illegal.  As a result, the court granted summary judgment in favor

of the Township and the District.  ComEd filed a timely notice of

appeal.

                                 ANALYSIS

                          I.  Standard of Review

     A motion for summary judgment should be granted when the

pleadings, depositions, admissions and affidavits show there is no

genuine issue as to any material fact and the moving party is

entitled to judgment as a matter of law.  735 ILCS 5/2-1005(c)

(West 1994).  Accordingly, summary judgment is proper only when the

resolution of a case hinges on a question of law and the moving

party's right to judgment is clear and free from doubt.  In re

Estate of Hoover, 155 Ill. 2d 402, 410, 615 N.E.2d 736, 739 (1993). 

In summary judgment cases, the reviewing court considers the

evidence de novo.  Hoover, 155 Ill. 2d at 411, 615 N.E.2d at 740. 

                II.  Law on Excessive Accumulation of Funds

     The law is well settled that taxing bodies retain broad

discretion in estimating the dollar amounts necessary to carry out

their lawful objectives.  In re Application of Rosewell, 159 Ill.

2d 393, 401, 639 N.E.2d 559, 562 (1994); In re Application of the

People ex rel. Anderson, 279 Ill. App. 3d 593, 596, 665 N.E.2d 521,

523 (1996).  Thus, taxing bodies may proceed to levy real estate

taxes based upon these estimates.  The law presumes that a taxing

body has properly discharged its legal duty and has not abused its

discretion when it makes the real estate tax levy.  Anderson, 279

Ill. App. 3d at 596, 665 N.E.2d at 523.  The mere fact that there

is a discrepancy between the amount of money levied in a given year

and the amount of money actually needed is of limited significance. 

Rosewell, 159 Ill. 2d at 401-02, 639 N.E.2d at 563.    

     Accordingly, in "reviewing a taxpayer's objections to

governmental appropriations and levies, the courts play a limited,

although significant, role."  Rosewell, 159 Ill. 2d at 401, 639

N.E.2d at 562.  Moreover, the law is clear that tax objectors bear

a substantial burden of proof in establishing that a taxing body

has abused its discretion and has illegally accumulated or diverted

taxes.  Rosewell, 159 Ill. 2d at 402, 404, 639 N.E.2d at 563-64.

     However, the law is also clear that the "[u]nnecessary

accumulation of money in the public treasury is against the policy

of the law, and a levy or tax rate which results in such an

unnecessary accumulation is illegal."  Anderson, 279 Ill. App. 3d

at 596, 665 N.E.2d at 523; see also Central Illinois Public Service

Co. v. Miller, 42 Ill. 2d 542, 543, 248 N.E.2d 89, 90 (1969).  The

law is well-settled that courts will interfere in the taxing

process when it is necessary to prevent a clear abuse of a taxing

body's discretionary powers.  Miller, 42 Ill. 2d at 543-44, 248

N.E.2d at 90.

     In Miller, our supreme court set forth a formula for analyzing

whether a tax fund contains an excess accumulation.  The court

added the fund balance at the beginning of the fiscal year to the

real estate taxes extended for the prior year to determine the

total amount of funds available for the fiscal year.  The court in

Miller then divided this amount by the average annual expenditure

from the fund for the prior three fiscal years.  In utilizing this

method, the court in Miller determined that the amount available in

the challenged fund was 2.84 times the average annual expenditure

and 3.24 times the amount actually expended in the prior fiscal

year.  Miller, 42 Ill. 2d at 543, 248 N.E.2d at 90.  Our supreme

court then noted that it had previously declared a real estate tax

levy illegal where the amount accumulated was almost twice the

estimated expenditures (citing People ex rel. Leaf v. Roth, 389

Ill. 287, 59 N.E.2d 643 (1945)) and where the cash on hand was

three times the average expenditure from the fund (citing People ex

rel. Schaefer v. New York, Chicago & St. Louis R.R. Co., 353 Ill.

518, 187 N.E. 443 (1933)).  The supreme court noted that there was

"nothing in the record to indicate any unusual anticipated call

upon the fund or that the levy was for any purpose other than the

accumulation of monies in the fund."  Miller, 42 Ill. 2d at 544,

248 N.E.2d at 90.  In sum, the court determined that the levy was

not justified and was an abuse of discretion.  Miller, 42 Ill. 2d

at 544-45, 248 N.E.2d at 90-91. 

     We stated in In re Application of O'Connor, 80 Ill. App. 3d

354, 356, 399 N.E.2d 683, 685 (1980), that the formula set forth in

Miller was the proper method for analyzing excess real estate tax

accumulations.  In O'Connor, the taxpayer objectors' evidence

showed that the accumulation was 2.9 times the average expenditures

from the challenged fund.  We concluded that an accumulation of

this size showed that the fund exceeded the bounds of necessity. 

O'Connor, 80 Ill. App. 3d at 356-57, 399 N.E.2d at 685.  As a

result, we held that the circuit court erred when it entered

judgment in favor of the taxing body at the close of the objectors'

case, after receiving evidence of this type of accumulation. 

O'Connor, 80 Ill. App. 3d at 357, 399 N.E.2d at 685.  We then

concluded that the taxing body should be given an opportunity, on

remand, to present testimony showing "the need for accumulations of

this magnitude."  O'Connor, 80 Ill. App. 3d at 357, 399 N.E.2d at 

685.

     Subsequently, in Belke v. County of Peoria, 169 Ill. App. 3d

839, 523 N.E.2d 1295 (1988), we upheld the circuit court's order

denying relief where the challenged tax levy was for the specific

purpose of renovating the Peoria County courthouse.  In deciding

the case, we noted:

                               "[i]n the context of tax objection cases,

          a definition of 'accumulation' has emerged

          which equates that term with amounts which

          exceed two to three times the foreseeable

          expenditures of the taxing body."  Belke, 169

          Ill. App. 3d at 844, 523 N.E.2d at 1298,

          citing Miller, 42 Ill. 2d 542, 248 N.E.2d 89.

          The Appellate Court, Second District, very recently concluded that

the Miller analysis was the proper formula for determining excess

accumulations.  Anderson, 279 Ill. App. 3d at 596, 665 N.E.2d at

523.  In that case, the accumulation was shown to be 1.65 times

average annual expenditures.  Accordingly, the court in Anderson

found that the objectors had failed to meet their burden of showing

an excessive accumulation.  Anderson, 279 Ill. App. 3d at 597-98,

665 N.E.2d at 524-25.

     Based upon our review of applicable case law, we do not agree

with the argument that a taxpayer cannot meet its burden of showing

an excess accumulation unless the accumulation is at least 2.84

times the average annual expenditure.  We find that argument to be

inconsistent with the Township's and District's statement before

the trial court that there is no hard and fast rule regarding when

an accumulation is excessive.  Moreover, we find the argument

contrary to our finding in O'Connor that Miller did not provide "a

formula to be applied with mathematical precision."  O'Connor, 80

Ill. App. 3d at 356, 399 N.E.2d at 685.  

     We are convinced that our interpretation of Miller as stated

in Belke is correct.  Consequently, we conclude that a tax objector

can meet its burden to show an excessive accumulation by presenting

evidence that the accumulation in the fund exceeds two to three

times the average annual expenditures from the fund.  Furthermore,

we are not persuaded otherwise by our review of the case law cited

by the Township and the District.  All of those cases pre-date our

supreme court's decision in Miller.  See, e.g., People ex rel.

Meyers v. Chicago & North Western Ry. Co., 1 Ill. 2d 255, 115

N.E.2d 339 (1953); People ex rel. Manifold v. Wabash Ry. Co., 386

Ill. 149, 53 N.E.2d 976 (1944).

     We conclude that the circuit court in the instant case unduly

relied on Rosewell in finding that ComEd did not meet its burden of

showing an excess accumulation.  In Rosewell, our supreme court

held that a real estate tax levy for expenses which were

anticipated when the levy was made, but turned out to be

unnecessary, was not an abuse of the taxing body's discretion. 

Rosewell, 159 Ill. 2d at 407, 639 N.E.2d at 565.  In sum, we

conclude that Rosewell is factually distinguishable from the

instant case.

                             III.  Conclusion

     ComEd's evidence showed that, using the Miller method of

analyzing the funds, the challenged funds contained from 2.01 to

2.95 times average annual expenditures.  We find this evidence was

sufficient for ComEd to make a showing of excess accumulation and

to overcome the presumption that the taxing bodies did not abuse

their discretion in making the challenged levies.  Because we

determine that ComEd's evidence raised a question of fact regarding

whether the tax levies were unnecessary and illegal, the Township

and the District were not entitled to summary judgment as a matter

of law.  Consequently, the circuit court erred when it granted

summary judgment in favor of the taxing bodies.

     Conversely, we also determine that ComEd was not entitled to

summary judgment.  ComEd's evidence that the funds contained excess

accumulations does not automatically prove that the challenged tax

levies were illegal as a matter of law.  The record reveals that no

evidence was presented below regarding the taxing bodies' need for

accumulations in the challenged funds.  The Township and the

District did not present this evidence in the circuit court because

they contended, and the court agreed, that ComEd had not met its

burden.  In O'Connor, under similar circumstances, we remanded the

case to the circuit court so the taxing body could present evidence

regarding the need for the accumulations in the challenged funds. 

O'Connor, 80 Ill. App. 3d at 357, 399 N.E.2d at 685.  From our

review of the record, we conclude that the same result is warranted

here.  Accordingly, we remand this cause to the circuit court of La

Salle County for an evidentiary hearing to allow the Township and

the District the opportunity to present evidence in support of

their claim that the accumulations in the challenged funds are

justified and not an abuse of discretion.  

     For the reasons stated, the judgment of the circuit court of

La Salle County is reversed, and the cause is remanded.  

     Reversed and remanded.

     HOLDRIDGE and MICHELA, JJ., concur.