ALPHA GAMMA RHO ALUMNI *et al.*, Plaintiffs-Appellants, v. THE PEOPLE *ex rel.* JAMES BOYLAN, County Treasurer and *ex officio* County Collector of Taxes for McLean County, *et al.*, Defendants-Appellees.

Fourth District   No. 4—00—0744

Opinion filed May 21, 2001.

Jason Scott Richard, of Springfield, for appellants.

Charles G. Reynard, State's Attorney, of Bloomington (Eric T. Ruud, Assistant State's Attorney, of counsel), for appellee James Boylan.

William C. Wetzel, of Livingston, Barger, Brandt & Schroeder, of Bloomington, for appellees Bloomington/Normal Airport Authority and Bloomington/Normal Water Reclamation District.

Denise M. Druhot, of Brown, Hay & Stephens, of Springfield, for appellee Olympia Community School District #16 *et al*.

J. Todd Greenburg, Corporation Counsel, of Bloomington, for appellee City of Bloomington.

Steven D. Mahrt, Corporation Counsel, of Normal (Wayne Karplus, Assistant Corporation Counsel, of counsel), for appellee Town of Normal.

John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of Ottawa, Norbert J. Goetten, of State's Attorneys Appellate Prosecutor's Office, and David O. Edwards, of Giffin, Winning, Cohen & Bodewes, P.C., both of Springfield, for appellee McLean County.

JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiffs paid 1994 real-estate taxes under protest and filed objec-

tions to the levies of several units of local government in McLean County. Part of plaintiffs' complaint alleged that 73 taxing districts accumulated improper surpluses, invalidating their property-tax levies.

Defendants filed motions to dismiss, which the trial court granted at an April 24, 1996, hearing. The trial court ruled that plaintiffs had to follow the formula in *Central Illinois Public Service Co. v. Miller*, 42 Ill. 2d 542, 248 N.E.2d 89 (1969), and that formula needed to be applied on a fund-by-fund basis. The trial court granted leave for plaintiffs to amend their complaint. After plaintiffs filed amended objections, both plaintiffs and defendants filed motions for summary judgment on the issue of excess accumulation. At an October 31, 1996, hearing, the trial court granted summary judgment to defendants as to funds with an accumulated surplus below the *Miller* guidelines and as to other funds when defendants filed affidavits justifying the surplus.

On July 28, 2000, the trial court approved the parties' stipulation setting forth the amount of tax to be refunded by each taxing entity. The trial court then ordered the county collector to refund $21,913.86 plus interest. On August 25, 2000, plaintiffs filed a notice of appeal, stating that plaintiffs were appealing:

"from portions of the [f]inal [o]rder entered *** July 28, 2000, in the following particulars:

1. The trial court's order on April 24, 1996, granting the dismissal of all of [plaintiffs'] allegations of unlawful accumulation of surplus funds in [f]iremen's [p]ension [f]unds, [p]olicemen's [p]ension [f]unds, the Illinois Retirement Fund, Social Security, and Medicare;

2. The trial court's order on April 24, 1996, granting the dismissal of [plaintiffs'] allegations of unlawful accumulation of surplus funds in the levies of the home-rule municipalities of the Town of Normal and the City of Bloomington;

3. The trial court's order on October 31, 1996, granting summary judgment in favor of the following taxing districts on the issue of illegal accumulation of surplus funds:

| | |
|---|---|
| Funks Grove Township | (Town Fund) |
| Lexington Township | (Town Fund) |
| Money Creek Township | (Town Fund) |
| White Oak Township | (General Assistance Fund) |
| Lexington Community Fire Protection District | (Operation Fund) |
| City of Chenoa | (General Assistance Fund)." |

On November 2, 2000, plaintiffs' attorney made a motion in this court to amend the notice of appeal "to include a couple of additional issues to be appealed." We allowed the motion, and plaintiffs filed an amended notice of appeal, substituting the following for the third issue stated in the original notice of appeal:

"1. The trial court's order on April 24, 1996, that the issue of surplus funds available to a taxing district was subject to the strict guidelines of *Miller* [(citation)]. 2. The trial court's order on April 24, 1996, that a fund-by-fund approach must be used when computing the amounts of surplus funds available to a taxing district, as opposed to a multiple[-]fund approach."

Taken with the case are defendants' motions to reconsider and for leave to file a motion to dismiss the motion for leave to file an amended notice of appeal. Upon reconsideration, we conclude that leave to file the amended notice was improvidently granted because plaintiffs' November 2, 2000, motion was untimely.

■ Supreme Court Rule 303(b)(4) (155 Ill. 2d R. 303(b)(4)) allows this court to grant plaintiffs' motion to amend notice of appeal only if made within the time specified in Rule 303(d) (155 Ill. 2d R. 303(d) (within 30 days after expiration of the time for filing the notice of appeal). *Heller Financial, Inc. v. Johns-Byrne Co.*, 264 Ill. App. 3d 681, 688, 637 N.E.2d 1085, 1090 (1994). In this case, that time period expired on September 26, 2000. Accordingly, we shall restrict our consideration to the issues raised in plaintiffs' August 25 notice of appeal.

A threshold question involves the sufficiency of the August 25 notice of appeal. Plaintiffs ask us to reverse the trial court's order and remand "[t]he entire case" for an evidentiary hearing. Certain defendants object to the scope of our review, contending that plaintiffs failed to perfect an appeal of any issue involving them and that they would be prejudiced if forced to respond.

■ Rule 303(b)(2) (155 Ill. 2d R. 303(b)(2)) requires a notice of appeal to "specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court." When an appeal is taken from a part of a specified judgment, the appellate court acquires no jurisdiction to review other judgments or parts thereof not so specified or not fairly inferred from the notice as intended to be presented for review. *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 434, 394 N.E.2d 380, 383 (1979). Appellate jurisdiction may still be conferred if the notice fairly and accurately advises the successful party of the nature of the appeal. *In re Marriage of Betts*, 159 Ill. App. 3d 327, 330, 511 N.E.2d 732, 734 (1987). This court liberally construes a notice of appeal absent prejudice to the litigants. *Dowell v. Bitner*, 273 Ill. App. 3d 681, 689, 652 N.E.2d 1372, 1378 (1995).

■ We have no jurisdiction to reverse and remand "the entire case" as plaintiffs request. Plaintiffs' August 25 notice of appeal specifies that they were appealing from "[t]he trial court's order *** granting summary judgment in favor of the *following* taxing districts on the issue of illegal accumulation of surplus funds" (emphasis added). Plaintiffs designated only six funds. Plaintiffs' notice does not fairly and accurately advise defendants that plaintiffs sought relief in this court against all 73 defendants with alleged improper surpluses, nor can it be fairly inferred from the notice, even when liberally construed. Therefore, we review the trial court's October 31, 1996, order granting summary judgment in favor of the six stated taxing districts.

Plaintiffs contend that the trial court erred in strictly following *Miller* and granting summary judgment to defendants for funds with available assets not exceeding 2.84 times the prior year's expenses and 3.24 times the three-year average of annual expenses. We conduct a *de novo* review of an award of summary judgment. *People v. Select Specialties, Ltd.*, 317 Ill. App. 3d 538, 542, 740 N.E.2d 543, 547 (2000).

■ A levy that results in an unnecessary accumulation of public money is illegal. *People ex rel. Toynton v. Commonwealth Edison Co.*, 285 Ill. App. 3d 357, 361, 674 N.E.2d 809, 812 (1996). A taxing body retains broad discretion in estimating the amounts necessary to carry out its lawful objectives. *In re Application of Rosewell*, 159 Ill. 2d 393, 401, 639 N.E.2d 559, 562 (1994). Thus, tax objectors bear a substantial burden of proof in establishing that a taxing body has illegally accumulated taxes in a given year. *Rosewell*, 159 Ill. 2d at 404, 639 N.E.2d at 564. The *Miller* court set only a framework for analyzing unnecessary accumulations; it did not determine a precise threshold at 2.84 times the average annual expenditure and 3.24 times the amount expended in the last previous fiscal year. *In re Application of O'Connor*, 80 Ill. App. 3d 354, 356, 399 N.E.2d 683, 685 (1980).

The following chart summarizes the *Miller* ratios for each of the six funds that plaintiffs appealed:

| Fund | Available Assets | Average Expenses | Ratio |
|---|---|---|---|
| Funks Grove Town Fund | $28,919 | $15,416 | 1.88 |
| Lexington Town Fund | $109,952 | $58,517 | 1.88 |
| Money Creek Town Fund | $48,699 | $21,011 | 2.32 |
| White Oak General Assistance Fund | $75,022 | $57,109 | 1.31 |
| Lexington Community Fire Protection District Operation Fund | $141,774 | $102,965 | 1.38 |
| City of Chenoa General Assistance Fund | $777,775 | $325,482 | 2.39. |

■ The trial court did not err in granting summary judgment to defendants as to these six funds because plaintiffs failed to overcome

the presumption that defendants did not abuse their discretion in making the levies. Each of these funds had a ratio of available assets to three-year-average expenses well below the 2.84 ratio that the supreme court found to be an unnecessary accumulation in *Miller*.

■ Plaintiffs argue that the trial court erred by requiring plaintiffs to analyze defendants' accumulated surpluses on a fund-by-fund basis. We disagree. A fund-by-fund analysis is preferable even if the monies in various funds are to some extent transferable. *O'Connor*, 80 Ill. App. 3d at 357, 399 N.E.2d at 686. Plaintiffs contend that this approach allows a taxing district to accumulate the same amount of surplus in each fund. We disagree because the district's expenditures would also be divided among funds. Actually, the multiple-fund approach suggested by plaintiffs would allow a district to accumulate a greater surplus by averaging out one fund's unreasonably large surplus relative to that fund's expenditures. Therefore, a fund-by-fund approach more greatly restricts defendants' ability to accumulate a surplus, and the trial court did not err in adopting it.

■ The trial court did not err in dismissing plaintiffs' claims of unlawful accumulation of surplus funds in the Town of Normal's Police Pension Fund and Firefighters' Pension Fund. General rules prohibiting unnecessary accumulation do not apply when a statute authorizes accumulation. *People ex rel. Brenza v. Morrison Hotel Corp.*, 4 Ill. 2d 542, 548, 123 N.E.2d 488, 492 (1954). The uncontradicted facts show that the accumulations are justified to account for unfunded accrued liability as required by state law. See 40 ILCS 5/3—125 (West 1994) (police pension fund); 40 ILCS 5/4—118 (West 1994) (firefighters' pension fund).

■ The trial court also did not err in dismissing plaintiffs' claims of unlawful accumulation by the home-rule municipalities of the Town of Normal and the City of Bloomington. The issue of whether a home-rule unit's tax levy is subject to judicial review for abuse of discretion is one of first impression.

The courts cannot control a legislature's exercise of discretion in setting tax rates. *Mathews v. City of Chicago*, 342 Ill. 120, 141, 174 N.E. 35, 43 (1930). A home-rule unit may exercise any power, including the power to tax, and perform any function pertaining to its government and affairs. Ill. Const. 1970, art. VII, § 6(a). Thus, a home-rule unit exercises sovereign powers (*Johnson v. Halloran*, 194 Ill. 2d 493, 496, 742 N.E.2d 741, 743 (2000)), and those powers are subject only to constitutional limitations (*Kanellos v. County of Cook*, 53 Ill. 2d 161, 166, 290 N.E.2d 240, 243 (1972)). For example, the General Assembly may pass a law by three-fifths vote to deny or limit a home-

rule unit's power to tax. Ill. Const. 1970, art. VII, § 6(g). No such law applies in this case, and plaintiffs have not alleged that the tax levies in this case are unconstitutional. Therefore, the trial court correctly declined to review the alleged unlawful accumulations by the two home-rule municipalities for abuse of discretion.

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

MYERSCOUGH and COOK, JJ., concur.