TRUST No. 1105, Altorfer, Inc., *et al.*, Plaintiffs-Appellants, v. THE PEOPLE *ex rel.* ROGER D. LITTLE, County Treasurer and *ex officio* County Collector of Taxes for Champaign County, Defendants (The City of Urbana, Defendant-Appellee).

Fourth District   No. 4—01—0690

———

Argued February 14, 2002.—Opinion filed April 10, 2002.

Mary Ann Royse (argued), of Harrington, Tock & Royse, of Champaign, for appellants.

Jack Waaler (argued), City Attorney, of Urbana, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiffs, various landowners in Urbana, appeal the trial court's grant of summary judgment to defendant City of Urbana after plaintiffs filed objections to property taxes for tax year 1997. We affirm.

In November 1998, plaintiffs filed objections to property taxes levied for tax year 1997 by defendants, City of Urbana (Urbana), Community Unit School District No. 4, County of Champaign, and Champaign Township Road District. (The latter three defendants previously settled with plaintiffs and are not involved in the present appeal.) Plaintiffs alleged that defendants' 1997 levies were unnecessary and an abuse of discretion.

In February 1999, plaintiffs and Urbana stipulated that Urbana had accumulated, in its Illinois Municipal Retirement Fund (retirement fund), assets equal to 2.42 times the retirement fund's expenditures for fiscal year 1996-97 and 2.42 times the retirement

fund's average annual expenditures for fiscal years 1994-95, 1995-96, and 1996-97.

In June 2001, plaintiffs and Urbana each filed a motion for summary judgment. After a July 2001 hearing, the trial court denied plaintiffs' motion for summary judgment and granted Urbana's motion for summary judgment. This appeal followed.

Plaintiffs initially urge us to overrule the portion of our decision in *Alpha Gamma Rho Alumni v. People ex rel. Boylan*, 322 Ill. App. 3d 310, 315-16, 750 N.E.2d 282, 289 (2001), which held that a home rule unit's tax levy is not subject to judicial review for abuse of discretion under *Central Illinois Public Service Co. v. Miller*, 42 Ill. 2d 542, 248 N.E.2d 89 (1969). Plaintiffs contend that court inquiry under *Miller* is sufficiently deferential to home rule units and that the public policy against excessive accumulation of public funds expressed in *Miller*, which predated the introduction of home rule in Illinois (Ill. Const. 1970, art. VII, § 6), applies equally to home rule units.

■ We are not persuaded by plaintiffs' arguments, and we reaffirm our holding in *Alpha Gamma Rho Alumni*. The Illinois Constitution of 1970 extends sovereign powers to home rule units, which possess the same powers as the state government, except where such powers are limited by the General Assembly. *Johnson v. Halloran*, 194 Ill. 2d 493, 496-97, 742 N.E.2d 741, 743 (2000). Thus, home rule abrogates the restrictions of Dillon's Rule of municipal law, under which a unit of local government is deemed to have only those powers that have been specifically granted to it by the sovereign. *People ex rel. Bernardi v. City of Highland Park*, 121 Ill. 2d 1, 11, 520 N.E.2d 316, 320 (1988), citing 1 J. Dillon, Municipal Corporations § 237, at 448-49 (5th ed. 1911). Accordingly, Urbana's tax levy is not subject to judicial review for abuse of discretion under *Miller*.

Further, we reject plaintiffs' suggestion that judicial review under *Miller* is necessary to prevent abuses of taxing discretion by home rule units. Our supreme court has stated that it is for the General Assembly, under section 6(g) of article VII (Ill. Const. 1970, art. VII, § 6(g)), to consider possible abuses of home rule powers. *Chicago Park District v. City of Chicago*, 111 Ill. 2d 7, 17, 488 N.E.2d 968, 973 (1986). One commentator has stated:

> "The design of section 6 places great responsibility upon the legislature to ensure that home rule does not degenerate into provincialism which could injure the people of the state. ***
>
> If the legislature does not perform its job, it is true that the people of the state may suffer ***. But if the constitutional design is to be respected, the courts should step in to compensate for legislative inaction or oversight only in the clearest cases of oppres-

sion, injustice, or interference by local ordinances with vital state policies." D. Baum, *A Tentative Survey of Illinois Home Rule (Part I): Powers & Limitations*, 1972 U. Ill. L.F. 137, 157 (1972). Plaintiffs do not contend that Urbana's tax levy was oppressive, and we decline to interfere in this case.

■ Plaintiffs next assert that the trial court should have reviewed Urbana's 1997 retirement fund levy to determine whether it complied with section 7—171(b)(1) of the Illinois Pension Code (Pension Code) (40 ILCS 5/7—171(b)(1) (West 1996)), which provides, "A municipality other than a school district may levy a tax which shall not exceed the amount appropriated for municipality contributions." Plaintiffs argue that section 7—171(b)(1) limits Urbana's 1997 retirement fund levy because municipal retirement is a matter of statewide concern and Urbana willingly participates in the statewide municipal retirement program. We disagree.

A statute enacted prior to the adoption of the Illinois Constitution of 1970 cannot restrict home rule taxing powers unless the General Assembly approves an amendment by a three-fifths majority of both houses that specifically expresses a restrictive purpose. *City of Rockford v. Gill*, 75 Ill. 2d 334, 341, 388 N.E.2d 384, 387 (1979). Section 7—171 of the Pension Code (Ill. Rev. Stat. 1963, ch. 108½, par. 7—171) was enacted prior to the 1970 Illinois Constitution, and nothing in the statute specifically expresses a purpose to restrict home rule taxing powers pursuant to section 6(g) of article VII of the Illinois Constitution of 1970. Therefore, the statutory limitation in section 7—171 simply is inapplicable to Urbana, which is a home rule unit.

Because of our disposition of the above issues, we need not address plaintiffs' argument that Urbana failed to justify its levy.

Accordingly, we affirm the trial court's judgment.

Affirmed.

COOK and APPLETON, JJ., concur.